Havana American Co. vs. Board of Assessors et als.

No. 13,688. ·

|105 471|
|f105 473|

HAVANA AMERICAN COMPANY VS. BOARD OF ASSESSORS ET ALS.

### SYLLABUS.

1. An appeal will not be dismissed, under C. P. 897, for failure of'the appellant to file an assignment of errors, where the transcript is duly certified as containing all the testimony adduced, and the grounds for reversal relied on are apparent upon the face of the record.
2. The exemption accorded to manufacturers, under Article 207 of the Constitution·of 1879, as extended by the amendment proposed by the joint resolution No. 92 of 1886, became operative upon the adoption of that Constitution prior to January 1st, 1880, and continued in force for twenty years.
3. If any tax-payer, entitled to such exemption, paid the tax of 1880, ·he has a claim for reimbursement, but such payment does not authorize the extension of the period of the exemption, as fixed by the Constitution.

APPEAL from the Civil District Court, Parish of Orleans—*Ellis, J.*

*Dinkelspiel & Hart* (*Edward Dinkelspiel* of counsel), for Plaintiff, Appellee.

*Edward K. Skinner,* for Board of Assessors, Defendants, Appellants.

*Francis C. Zacharie,* for State Tax Collector, Defendant, Appellant.

The opinion of the court was delivered by

MONROE, J.   Plaintiff sued in the District Court to annul an assessment, upon merchandise and machinery, for State and city taxes for the year 1900, upon the following grounds, as stated·in its petition, to-wit:

" That, under the Constitution of 1879, as amended in 1888 by virtue of joint resolution No. 92 of 1886, said property was exempted from taxation for a period of twenty years; that the first year in which said exemption was made was the year 1881, the taxes for 1880 having been paid on said property; that, therefore, said exemption does not expire until the year 1900, inclusive, only after which date can property exempted, because used for manufacturing purposes, from municipal taxation, be assessed for State taxes; that petitioner made due demand upon said Board of Assessors to erase said null and void assessment

without avail; that petitioner is entitled to the cancellation of said taxes for the reasons above stated."

The case as against the city of New Orleans was discontinued, but judgment by default was entered and confirmed against the Board of Assessors and the State tax collector with respect to the State tax, and those defendants have appealed.

When the case was called for argument the counsel for the plaintiff suggested that the appeal should be dismissed, under Art. 897 C. P., because of the failure of the appellants to file an assignment of errors. The transcript is certified by the clerk as containing all the evidence adduced on the trial, and the grounds upon which the defendants rely for a reversal of the judgment are apparent upon the face of the record. It has been held that Article 897 of the Code of Practice does not apply in such a case. Nott *et als.* vs. Brander *et als.*, 14 La. 370; Waters, Camden & Co. vs. Briscoe, 11 Ann. 639; Bossier vs. Carradine, 18 Ann. 261; Keller vs. Judson, 18 Ann. 282; State of Louisiana (Hubert Gerard, Relator), vs. Adam Giffen, Treasurer, *et als.*, 15 Ann. 420.

On the merits; the proposition of the learned counsel is, that the property in question, being capital and machinery used in the manufacture of articles of wood, in a factory employing not less than five hands, was exempted from taxation, under Article 207 of the Constitution of 1879, and the amendment thereto, as set forth in Act 92 of 1886, for a period of twenty years, and that the twenty years did not expire until the end of the year 1900, for the reason that said exemption did not become operative until 1881.

The convention which adopted the Constitution of 1879 met upon April 1st and adjourned upon July 23rd of that year. By Article 262 of said Constitution, provision was made that it should be ordained and established from and after the last Monday in December, 1879; and it was so ordained and established, and the General Assembly, elected under its authority, convened upon the 12th day of January, 1880. The exemption, therefore, became operative upon, or before, the first day of January, 1880, and if the plaintiff paid taxes for that year, it may have a claim against the State for reimbursement, but it does not follow that "the exemption of twenty years from the adoption of the Constitution of 1879," as granted by the amendment of 1886, is, therefore, to be extended so as to include twenty-one years.

For these reasons, it is ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed and that the de-

mand of the plaintiff be rejected and its suit dismissed at its cost in both courts.

Rehearing refused.

PROVOSTY, J., takes no part, this case having been submitted prior to his taking his seat on this bench.