357 So.2d 286 (1978)
Cullen RAWLEY
v.
Betty Seals RAWLEY and Bogalusa Loan Corporation.
No. 11740.
Court of Appeal of Louisiana, First Circuit.
February 13, 1978.
Rehearings Denied March 20, 1978.
Writ Refused April 28, 1978.
*287 Charles B. W. Palmer, of Palmer & Palmer, Amite, for plaintiff.
E. B. Dittmer, II, of Talley, Anthony, Hughes & Knight, Bogalusa, for Estate of Ben W. Miller and First State Bank & Trust Co.
Richard W. Brown, Bogalusa, for Bogalusa Loan Corp.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment rejecting his demands for nullity of a judgment of partition of the community previously existing between Appellant and his divorced wife Betty Seals Rawley and for damages for claimed physical and mental injuries allegedly caused by the illegal and wrongful seizure and sale of the community property to effect a partition by licitation. We affirm in part and reverse in part.
This litigation is the result of prior actions between Appellant, his former spouse and Bogalusa Loan Corporation (Bogalusa).
*288 On January 27, 1965, Appellant filed suit seeking a judicial separation from Mrs. Rawley. By subsequent amendments, Appellant converted his suit into one for divorce and partition of the community estate. On February 24, 1965, Mrs. Rawley entered suit against Appellant for divorce and partition of the community existing between them. In Mrs. Rawley's suit, personal service was had on Appellant. On April 2, 1965, Bogalusa filed suit against Mr. and Mrs. Rawley to foreclose a mortgage held by Bogalusa on the Rawley homestead. All three actions were consolidated. Appellant successfully resisted Bogalusa's foreclosure action by establishing that Appellant's signature on the note and mortgage sued upon had been forged by an unknown party induced by Mrs. Rawley to impersonate Appellant in the execution of those documents. An injunction was issued in the foreclosure proceeding prohibiting Bogalusa from enforcing its mortgage. On May 11, 1967, judgment was rendered in Appellant's divorce action granting Appellant a divorce and ordering partition of the community property. Mrs. Rawley then assigned her interest in the community to Bogalusa. On September 27, 1967, Appellees filed a joint petition in the consolidated actions, praying for partition of the community property as ordered in Appellant's divorce action on May 11, 1967. On Appellees' unilateral petition, a notary was appointed to inventory the community, an appraisal of the community was made, partition by licitation was ordered on a showing that the property was indivisible in kind since it consisted of a family home, the property was duly advertised for sale, and Bogalusa became the purchaser at a sheriff's sale ordered by the court.
In this action, Bogalusa third partied its attorney, Benjamin Miller, who represented Bogalusa in the foreclosure proceeding and also in the partition proceedings involved herein. Bogalusa has answered Appellant's appeal praying for judgment against Miller in the event Bogalusa is cast on appeal.
The trial court did not expressly pass upon Appellant's demand for nullity of the partition proceedings. Instead, the trial court considered the matter as a demand for damages for alleged wrongful conduct by Appellees in the previous actions. On this basis, the trial court found that Appellant failed to meet the required burden of proof both as to alleged wrongful conduct and causal connection between Appellees' acts and Appellant's mental condition.
Service of all pleadings filed by Appellees to enforce the judgment of partition were served on Appellant's attorney of record in the consolidated actions. The record is clear, however, that in July, 1967, prior to Appellees' seeking enforcement of the partition, Appellant's attorney of record in the consolidated actions wrote Appellant a letter withdrawing as Appellant's counsel in compliance with Appellant's request. A copy of said letter was sent to Mrs. Rawley's attorney and to Miller as attorney for Bogalusa. It is conceded that in the partition proceeding, no servicepersonal, domiciliary, or otherwisewas made on Appellant. The record establishes that although service was made on Appellant's attorney of record, said attorney made no effort to communicate with Appellant regarding the matter. It also appears that said attorney received a check for Appellant's one-half of the net proceeds of the partition sale from which he deducted expenses he had advanced and sent a check for the balance to Appellant's attorney of record in this present proceeding. The check was never cashed. It is also clear that Appellant had no knowledge of the pendency of proceedings to execute the judgment of partition.
Appellees maintain that enforcement by Mrs. Rawley of the judgment of partition rendered in Appellant's divorce action was permissible in view of the Supreme Court's decision in Blunson v. Brocato, 187 La. 637, 175 So. 441 (1937), which held that either party to a partition proceeding may seek enforcement of a judgment of partition because such a judgment is deemed to belong to all parties concerned since it affects all owners alike. The court also noted that to hold otherwise would permit the party obtaining the judgment to defeat partition by the simple expedient of not seeking enforcement.
*289 While Blunson did so hold, we note that it also held that when a judgment of partition was executed on application by a party other than the one in whose favor it was rendered, the party who obtained the judgment is entitled to notice at least in the nature of a rule to show cause why execution should not take place. No such notice was given in this instance.
La.C.C.P. Article 2002 provides that a judgment shall be annulled if rendered against a defendant who, inter alia, has not been served with process and who has not entered a general appearance, or against whom a valid judgment by default has not been taken.
We are cognizant of La.C.C.P. Article 1313 which provides for service on one's counsel of record of pleadings which require no appearance or answer, by mailing or delivering a copy thereof to such party's counsel of record. Assuming, for argument's sake, that the pleadings filed by Appellees to execute the judgment of partition are such that may be served on counsel of record pursuant to Article 1313, such service, under the circumstances of this case, must be deemed fatally defective. The obvious purpose of Article 1313 is to fulfill the constitutional requirements of due process notice as set forth, for example, in Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). To meet such requirements, notice to counsel of record must be effected under circumstances from which it can at least be reasonably presumed that notice resulting from such service will be communicated to the litigant. In this case, no such presumption can result. Moreover, the record establishes beyond doubt that service was made on counsel known by Appellees' attorney to have previously withdrawn as counsel. The fact that said attorney remained technically counsel of record does not render such service valid under the circumstances attending this matter. The record establishes that Appellant had no knowledge of the proceedings to execute the partition judgment until after the partition sale. Appellees' argument that appellant has lost his right to seek a nullity of the judgment under La.C.C.P. Article 2003 since Appellant was present in the parish at the time of execution of the judgment and did not attempt to enjoin its enforcement is also without merit as this interpretation of La.C.C.P. Article 2003 would render it unconstitutional. Appellant's presence in the parish at the time of execution cannot be used as a substitute for the kind of notice described in Mullane. We find that the partition sale is null and void for lack of proper service on Appellant and that the trial court erred as a matter of law in failing to declare said proceedings null and void.
Concerning Appellant's claims for damages, the record is devoid of proof of fraud or ill practice on the part of Appellees in enforcing the judgment of partition. We also find no merit in Appellant's contention that enforcement of the partition decree was a violation of the previously issued injunction prohibiting Bogalusa from enforcing its mortgage. Bogalusa did not attempt to enforce the mortgage. Bogalusa merely bid in the property at a partition sale ordered by judgment of court.
We find that the trial court's determination of lack of proof of causal relationship between Appellees' acts and Appellant's mental problems is fully supported by the record. Appellant established a history of mental problems, including bizzare and sometimes violent episodes preceding his discharge from military service in 1941 for emotional instability. Following his discharge, Appellant continued to be plagued with recurring episodes evidenced by irrational conduct consisting of violent outbursts. Appellant was hospitalized for treatment of his condition in both a state and a federal mental institution. It also appears that Appellant's married life was characterized by frequent disputes with his former wife. In essence, Appellant sought to establish that his mental condition and also a heart condition were aggravated by Appellees' conduct.
*290 To establish causal connection, Appellant produced two experts, Dr. Isidore I. Rosen, a general practitioner and Dr. James Hill, a psychiatrist. In effect, these experts testified that it is within the realm of possibility that the apparent loss of his home could have aggravated Appellant's condition, but to so find from a medical viewpoint would be speculative. This will not suffice. The burden of proof rests upon plaintiff to prove claimed damages to a legal certainty and by a preponderance of evidence. Proof which amounts only to a mere possibility and which establishes a speculative claim only does not discharge plaintiff's burden. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971); Carpenter v. National Food Stores, Inc., 278 So.2d 570 (La.App. 1st Cir. 1973).
Bogalusa's third party demand against Benjamin Miller is dismissed because Bogalusa failed to prove any negligence on Miller's part and because Bogalusa prayed only for reimbursement of any damages for which they may be liable and no damages were awarded plaintiff-appellant.
The judgment of the trial court rejecting Appellant's action of nullity is hereby reversed and set aside and judgment is rendered herein decreeing null and void that certain judgment rendered February 8, 1968, in Suit Number 25,082 consolidated with 25,199 on the docket of the 22nd Judicial District Court, Washington Parish, ordering sale of the community property belonging to the community between Cullen Rawley and Betty Seals Rawley, and the Sheriff's sale of the property to Bogalusa Loan Corporation dated April 3, 1968, and said sale is ordered cancelled and erased from the public records of Washington Parish.
It is further ordered, adjudged and decreed that except as reversed herein, the judgment is affirmed; all costs of these proceedings to be paid by Appellees herein.
Affirmed in part and reversed in part and rendered.

ON APPLICATION FOR REHEARING
PER CURIAM.
On application for rehearing Appellant, Cullen Rawley, assigns numerous alleged errors, including, inter alia, our failure to describe the property involved herein.
We have considered all alleged errors and find merit only in the contention that we should have described the property involved in this litigation as provided by La.C.C.P. Article 1919.
Accordingly, it is ordered, adjudged and decreed that our original decree be and the same is hereby amended to reverse the judgment of the trial court ordering the sale and also annulling the sale or sales, pursuant thereto of the following described property, to-wit:
(1) The South (S) half of the following described tract of land:
A certain parcel of land described as beginning at the Northwest (NW) corner of Headright Forty Six (46), Township Three (3) South, Range Thirteen (13) East, and run South (S) along the line between Headrights Forty Six (46) and Fourteen (14) of the above Township and Range, a distance of Seven Hundred Eighty Seven (787) feet to the Point of Beginning, being in the Northeast (NE) Corner of the lot herein described; Thence run South (S) One Hundred Four and 5/10 (104.5) feet; Thence run West (W) One Hundred Nine (109) feet; Thence run North (N) One Hundred Four and 5/10 (104.5) feet; Thence run East (E) Two Hundred Nine (209) feet to the Point of Beginning.
(2) Two (2) acres of land located in Section Sixteen (16), Township Four South (4), Range Thirteen (13) East, and described as follows:
Commencing at the Northeast (NE) corner of Section Sixteen (16), Township Four (4) South, Range Thirteen (13) East, run in a Westerly (W) direction Two Hundred Eighty and 4/10 (280.4) feet whence a stob; Thence run South (S) Six Hundred Twenty Six and 1/10 (626.1) feet to an iron pipe and the Point of Beginning;

*291 Thence run South (S) One Hundred Fifty Six and 5/10 (156.5) feet to an iron pipe; Thence run West (W) a distance of Five Hundred Fifty Six and 6/10 (556.6) feet to an iron pipe; Thence run North (N) a distance of One Hundred Fifty Six and 5/10 (156.5) feet to an iron pipe; Thence run East (E) a distance of Five Hundred Fifty Six and 6/10 (556.6) feet to the Point of Beginning.
As per survey of R. R. Porter, Civil Engineer, dated October 22, 1966.
Acquired by Eloise D. Askew in Conveyance Book 187, page 301 of the records of Washington Parish, Louisiana.
The application for rehearing is denied.