636 So.2d 1003 (1994)
Earl ADAMS
v.
ST. TAMMANY PARISH, Louisiana Through and the POLICE JURY, St. Tammany Parish, Louisiana.
No. 93 CA 0717.
Court of Appeal of Louisiana, First Circuit.
April 8, 1994.
Rehearing Denied May 18, 1994.
*1004 Armando R. Baralt, Metairie, for plaintiff-respondent Earl Adams.
Ronald S. Macaluso, Hammond, for defendant-appellant Titan Indem. Co.
Perry M. Theriot, Covington, for defendant-appellee St. Tammany Parish.
Before WATKINS, SHORTESS and FOGG, JJ.
FOGG, Judge.
By this appeal, a defendant insurance company contests an adverse partial summary judgment on the issue of insurance coverage. Because this appeal is taken from a non-appealable interlocutory judgment, we dismiss the appeal.
Plaintiff, Earl Adams, sued St. Tammany Parish, the St. Tammany Parish Police Jury and St. Tammany Parish's liability insurer, Titan Indemnity Company (Titan), for damages he suffered when he allegedly fell in a parish building. St. Tammany Parish filed a cross-claim against Titan, alleging that the Titan policy afforded coverage for the injuries allegedly sustained by Mr. Adams. On November 10, 1992, St. Tammany Parish filed a motion for partial summary judgment on its cross-claim on the question of coverage under the policy. The trial court rendered judgment in favor of St. Tammany Parish, finding that the Titan policy did afford coverage for plaintiff's injuries. From that judgment, Titan appeals.
La.C.C.P. art. 2083 defines, in pertinent part, appealable judgments as (1) final judgments and (2) interlocutory judgments which may cause irreparable injury. A final judgment is one that determines the merits in whole or in part; interlocutory judgment is one that does not determine the merits, but only preliminary matters in the course of an action. La.C.C.P. art. 1841. La.C.C.P. art. 1915 provides for partial final judgments in limited situations, even though the judgment does not grant the successful party all of the relief prayed for, or does not adjudicate all of the issues in the case. However, a recent amendment to that article specifically excludes partial summary judgments rendered solely on the issue of insurance coverage from the definition of partial final judgment. La.C.C.P. art. 1915 A(3). Therefore, this judgment is considered interlocutory and is reviewable on appeal only if it causes irreparable harm. No irreparable harm has been claimed or shown. Thus, pursuant to La. C.C.P. art. 2083, this judgment is not appealable.
An appellate court may dismiss, at any time, an appeal where there is no right to appeal. La.C.C.P. art. 2162. Since Titan has no right to appeal this judgment, we will dismiss the appeal.
For the foregoing reasons, Titan's appeal is dismissed. The costs of this appeal are assessed against Titan. The trial court costs shall be assessed in a final judgment on the merits in the trial court.
APPEAL DISMISSED.