769 So.2d 742 (2000)
Ben MORRISON, Secretary of the Department of Revenue and Taxation
v.
DILLARD DEPARTMENT STORES, INC.
No. 99 CA 2060.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
Rehearing Denied November 9, 2000.
*743 J. Tracy Mitchell, Baton Rouge, Counsel for Plaintiff-Appellant Ben Morrison, Secretary of the Department of Revenue and Taxation.
H. Alston Johnson, III, Baton Rouge, Robert W. Nuzum, New Orleans, Counsel for Defendant-Appellee Dillard Department Stores, Inc.
Before: FOIL, FITZSIMMONS, and JULIEN[1], JJ.
FITZSIMMONS, J.
Plaintiff, Ben Morrison, Secretary of the Louisiana Department of Revenue and Taxation, appealed the district court's denial of the state's motion to set aside an earlier judgment of dismissal in favor of defendant, Dillard Department Stores, Inc. (Dillard). We find the motion was untimely, and dismiss the appeal
The state filed suit against Dillard to collect taxes. Dillard filed its answer on April 2, 1996. The state filed a motion to substitute counsel on August 29, 1996. No other filings appear in the record until April 9, 1999. On April 9, 1999, Dillard filed a motion and order of dismissal on the grounds of abandonment. The district court granted the motion and signed the order of dismissal on April 14, 1999. By certified letter dated April 26, 1999, Dillard mailed the state a copy of the order of dismissal. On May 13, 1999, Dillard filed a certificate in the record showing that service was made by mailing a copy of the order to the state. The state filed a motion to set aside the order of dismissal on June 11, 1999.
After a hearing, the district court found that the motion to set aside was untimely. *744 However, the court also considered the argument of counsel and denied the motion to set aside the order of dismissal. Judgment was signed on July 26, 1999. The state appealed the July 26, 1999 judgment, not the April order of dismissal. The state assigned error to the April order of dismissal and the denial of its motion to set aside the order.
Initially, we note that the denial of a motion to set aside the dismissal is an interlocutory judgment; it did not decide the merits of the suit. It is akin to the denial of a motion for a new trial; also an interlocutory judgment. Interlocutory judgments that do not cause irreparable harm are not appealable. La. C.C.P. art. 2083; Adams v. St. Tammany Parish, 93-0717, p. 2 (La.App. 1 Cir. 4/8/94), 636 So.2d 1003, 1004. However, the supreme court has directed us to consider denial of motions for a new trial where it is clear that appellant meant to appeal the merits of the case decided by an earlier final judgment. See Reno v. Perkins Engines, Inc., 98-1686 (La.App. 1 Cir. 9/24/99), 754 So.2d 1032, writ denied, 99-3058 (La.1/7/00), 752 So.2d 863. Thus, if the motion to set aside was timely, we would consider whether a similar rule for such motions should be adopted, and the appeal heard in the interest of justice. The question of whether the April order of dismissal was a final judgment is not before us.

TIMELINESS OF MOTION
Code of Civil Procedure article 561 A(1) provides that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years...." The provision for abandonment operates without the need of a formal order. However, any party or interested person may move for a formal order of dismissal. La. C.C.P. art. 561 A(2). The order of dismissal "shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal." (Emphasis added.) Article 1313 A(1) provides for service by mailing a copy to the counsel of record. Article 1313 B requires a certificate be filed showing "the manner in which service was made." However, service is "complete upon mailing," and is not keyed to the filing of the certificate. La. C.C.P. art. 1313 A(1).
Dillard's accomplished service by mailing a copy of the order of dismissal on April 26, 1999, as provided by Code of Civil Procedure article 1313 A(1). The state's motion, filed on June 11, was made more than thirty days after April 26, 1999, the date the service was complete. Thus, the motion to set aside the order of dismissal was untimely.
Without a timely motion to set aside the order of dismissal, the district court did not have the authority to decide the merits of the opposed motion. South Louisiana Bank v. White, 577 So.2d 349, (La.App. 1st Cir.1991). Similarly, without a timely motion before us, we see no valid basis for an appeal of the July 26, 1999 interlocutory judgment. Where there is no right to an appeal, an appellate court may dismiss the appeal at any time. La. C.C.P. art. 2162; Adams v. St. Tammany Parish, 93-0717, at pp. 2-3, 636 So.2d at 1004
For these reasons, we dismiss the appeal. The costs of the appeal, $728.51, are assessed to the Louisiana Department of Revenue and Taxation.
APPEAL DISMISSED.
NOTES
[1] Honorable Ethel Simms Julien is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.