845 So.2d 425 (2003)
Ralph SLAUGHTER, Secretary of the Department of Revenue, State of Louisiana
v.
EDISON CHOUEST OFFSHORE, INC.
No. 2002 CA 0583.
Court of Appeal of Louisiana, First Circuit.
February 14, 2003.
*426 Otha "Curtis" Nelson, Jr., Baton Rouge, Counsel for Plaintiff/Appellant Ralph Slaughter, Secretary of the Department of Revenue and Taxation, State of Louisiana.
H. Alston Johnson, III, Baton Rouge, Robert W. Nuzum, Robert P. McCleskey, Jr., New Orleans, Counsel for Defendant/Appellee Edison Chouest Offshore, Inc.
Before: KUHN, DOWNING, and GAIDRY, JJ.
KUHN, J.
Plaintiff, Ralph Slaughter, Secretary of the Department of Revenue and Taxation, State of Louisiana ("the Department") has appealed the trial court's denial of the Department's motion to set aside an earlier judgment of dismissal in favor of defendant, Edison Chouest Offshore, Inc. ("ECO"). Because the Department's motion was untimely and this court has no jurisdiction to address the Department's appeal, we must dismiss it.

I. PROCEDURAL AND FACTUAL BACKGROUND
On December 7, 1994, the Department filed suit against ECO, seeking to recover $96,812.40, representing Louisiana corporate franchise taxes for taxable periods ending in 1991 and 1992, plus accrued interest. On December 20, 1994, ECO filed its answer generally denying liability. On July 9, 1998, the Department filed a motion to compel discovery responses.
*427 On August 31, 2001, ECO filed a motion for dismissal on the grounds of abandonment. On that same date, the trial court signed an order dismissing the Department's action with prejudice. By certified letter dated September 5, 2001, counsel for ECO mailed a copy of the order of dismissal to the Department. On October 8, 2001, the Department filed a motion to set aside the order of dismissal, contending that ECO had taken a "step" in the litigation by providing supplemental responses to discovery on February 22, 1999 and March 23, 2000. Accordingly, the Department urged that the action had not been abandoned. Alternatively, the Department asserted that the order of dismissal should be modified to provide for a dismissal without prejudice. ECO opposed the motion to set aside the order, contending that the motion was untimely and without merit.
A contradictory hearing was held,[1] and the trial court determined that the motion to dismiss was untimely because more than 30 days had lapsed between the service of the order of dismissal and the filing of the motion to dismiss.[2] The trial court found that the record contained "adequate proof that service of the order of dismissal was mailed on September 5th to the [Department]." By judgment dated January 30, 2002, the trial court denied the motion to set aside the order of dismissal with prejudice. On March 11, 2002, the Department filed a motion seeking a devolutive appeal of only the January 30, 2002 judgment. The order of appeal was signed on March 13, 2002.
On appeal, the Department raises a single assignment of error, contending that the trial court erred in denying the Department's request to modify the order of dismissal to provide for a dismissal without prejudice. The Department argues that the August 31, 2001 order should have been modified at the contradictory hearing because there was no legal basis for dismissal of the case with prejudice under La. C.C.P. art. 561. Additionally, the Department asserts that this court has authority to amend the August 31, 2001 order to remove the "with prejudice" language pursuant to La. C.C.P. art. 2164, which mandates that appellate courts shall render any judgment which is "just, legal, and proper upon the record on appeal."

II. ANALYSIS
Louisiana Code of Civil Procedure art. 561 A(1) provides that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years...." The provision for abandonment is operative without formal order, but when a party or other interested person, by ex parte motion, establishes by affidavit that "no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment." La. C.C.P. art. 561 A(2). The order of dismissal "shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to *428 set aside the dismissal." (Emphasis added.) Id.
Louisiana Code of Civil Procedure article 1313 A(1) provides for service by mailing a copy to the counsel of record. La. C.C.P. art. 1313 B further requires that "[w]hen service is made by mail ..., the party or counsel making the service shall file in the record a certificate of the manner in which service was made." But Article 1313 A(1) establishes that service is "complete upon mailing." Service is not contingent upon the filing of the certificate. Morrison v. Dillard Department Stores, Inc., 1999-2060, p. 3 (La.App. 1st Cir.9/22/00), 769 So.2d 742, 744, writ denied, XXXX-XXXX (La.2/2/01), 784 So.2d 646.
The record supports the trial court's determination that counsel for ECO accomplished service of the order of dismissal by mailing it to the Department on September 5, 2001. Counsel for ECO also filed a certificate in the record on October 16, 2001, showing that service was made by mailing a copy of the order to the Department. Because the Department's motion challenging the order of dismissal was made more than 30 days after September 5, 2001, the Department's motion to set aside the order of dismissal was untimely. Id. at 744.
In the absence of a timely motion to set aside the order of dismissal, the trial court did not have the authority to decide the merits of the motion. Id. at 744. Because the Department's motion was untimely, any amendment of the order of dismissal would have been an absolute nullity. See Starnes v. Asplundh Tree Expert Co., XXXX-XXXX (La.App. 1st Cir.10/6/95), 670 So.2d 1242, 1246. Likewise, there was no authority for the trial court's January 30, 2002 judgment denying the Department's motion, and there is no valid basis for an appeal of that judgment. Morrison v. Dillard Department Stores, Inc., 1999-2060 at p. 3, 769 So.2d at 744. A motion for appeal from an invalid judgment is considered untimely, and this court lacks jurisdiction to hear an untimely appeal. Avants v. Kennedy, XXXX-XXXX, p. 9 (La. App. 1st Cir.12/20/02), 837 So.2d 647.[3] Because this court lacks jurisdiction to review the January 30, 2002 judgment, we dismiss this appeal. La. C.C.P. art. 2162.
We acknowledge there is jurisprudence stating that a dismissal pursuant to La. C.C.P. art. 561 should be without prejudice and that a judgment that erroneously provides for a dismissal with prejudice cannot form the basis for a plea of res judicata. D & S Builders, Inc. v. Mickey Construction Co., Inc., 524 So.2d 245, 247 (La.App. 5th Cir.1988); Pounds v. Yancy, 224 So.2d 1, 4-5 (La.App. 1st Cir.1969). However, despite the provisions of La. C.C.P. art. 2164, this court lacks jurisdiction to amend the August 31, 2001 judgment to provide for a dismissal without prejudice.

III. CONCLUSION
For the above reasons, this appeal is dismissed.[4] Appeal costs may not be assessed *429 against the Department based on the provisions of La. R.S. 13:4521. See St. Tammany Parish School Bd. v. State, Dept. of Labor, Office of Employment Security, XXXX-XXXX (La.App. 1st Cir.5/10/02), 818 So.2d 914, 919.
APPEAL DISMISSED.
NOTES
[1] A motion to set aside an order of dismissal was also pending before the trial court in the matter of Slaughter v. Alpha Marine Services, Inc., Suit No. 2002-0620. The trial court consolidated argument regarding the motion in that case with the motion in the instant case since the issues presented in both matters were identical. The trial court also denied the motion to set aside the order of dismissal in that case.
[2] A supplemental memorandum filed by the Department admitted, "Arguably, the time delays for the Department to set aside the Court's Order of abandonment has prescribed."
[3] The Department did not appeal the August 31, 2001 order of dismissal and the question of whether that order is final is not before us. However, we note that in the case of Woodward v. Lumbermens Mut. Cas. Co., XXXX-XXXX, p. 4 (La.App. 1st Cir.3/28/01), 808 So.2d 554, 556, this court held that after the thirty-day period provided for in La. C.C.P. art. 561 lapses, an order of dismissal becomes a final appealable judgment.
[4] On this date, we also dismiss appeals in Slaughter v. Alpha Marine Services, Inc., XXXX-XXXX (La.App. 1st Cir.2/14/2003)(unpublished) and in Slaughter v. North American Shipbuilding, Inc., XXXX-XXXX (La.App. 1st Cir.2/14/2003)(unpublished). Both appeals involve the Department's challenge to judgments denying a motion to set aside an order of dismissal. Oral argument of these three appeals was consolidated since the same issues were raised in each case.