# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 09-1294

## JAMES RIDER AND RIDER-LEJEUNE INVESTMENTS

## VERSUS

## PRIOLA CONSTRUCTION CORPORATION

************

**APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2001-0357, DIV. "D"
HONORABLE ROBERT WYATT, DISTRICT JUDGE**

************

**JAMES T. GENOVESE
JUDGE**

************

Court composed of Sylvia R. Cooks, James T. Genovese, and David E. Chatelain,* Judges.

Chatelain, J., concurs and assigns written reasons.
Cooks, J., concurs and assigns written reasons.

**APPEAL DISMISSED.**

**Thomas P. LeBlanc
Loftin, Cain & LeBlanc, L.L.C.
113 Dr. Michael DeBakey Drive
Lake Charles, Louisiana 70601
(337) 310-4300
COUNSEL FOR DEFENDANT/APPELLANT:**
    Priola Construction Corporation

_____

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Thomas Gayle**
**Gayle Law Firm**
**Post Office Box 3190**
**Lake Charles, Louisiana 70602-3190**
**(337) 494-1220**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **James Rider and Rider-LeJeune Investments**

**GENOVESE, Judge.**

Defendant, Priola Construction Corporation ("Priola"), appeals the trial court's grant of an order of dismissal for want of prosecution in favor of Plaintiff, James Rider and Rider-LeJeune Investments (collectively "Rider"), and the denial of its motion to set aside that judgment of dismissal. For the following reasons, we must dismiss the appeal.

## FACTS

Rider, as owner, and Priola, as general contractor, entered into a contract for the construction of two nursing homes in Lake Charles, Louisiana. When a dispute arose between the parties, Priola filed a demand for arbitration with the American Arbitration Association (AAA), asserting claims against Rider. Subsequently, Rider filed a Petition for Declaratory Judgment and Other Relief in the Fourteenth Judicial District Court on January 19, 2001, naming Priola and the AAA as defendants.

On February 7, 2001, Priola filed a Motion to Stay the declaratory judgment action to allow the parties to proceed with arbitration. The trial court heard Priola's Motion to Stay on March 6, 2001, and took the matter under advisement. The trial court issued a written opinion on April 11, 2001, and signed a Judgment on April 25, 2001, denying the Motion to Stay.

No answer having been filed by the AAA, Rider obtained a preliminary default against the AAA on March 1, 2001. On March 8, 2001, Rider sought confirmation of the default judgment. Following the hearing, the trial court took the matter under advisement and addressed the confirmation of the default judgment, along with the Motion to Stay, in its April 11, 2001 written opinion, which granted judgment in favor of Rider and against the AAA.

On July 3, 2002, Priola submitted a Motion to Set for Trial on the Merits. The

trial court signed an Order on September 10, 2002, which, in lieu of providing a date for trial, stated that the matter was to "be fixed for trial when responsive pleadings are filed."

After over six years of inactivity in the case, Rider filed a Motion to Dismiss for Want of Prosecution on January 9, 2009, in accordance with La.Code Civ.P. art. 561(A)(1).[1]  On that same date, after consideration of the motion, the trial court "ordered that this action be dismissed, with prejudice, for want of prosecution."

On May 12, 2009, pursuant to La.Code Civ.P. art. 561(A)(4),[2] Priola filed a Motion to Set Aside Dismissal for Abandonment and for Sanctions which was heard by the trial court on July 24, 2009.  On July 30, 2009, the trial court signed an order denying Priola's motion to set aside the judgment and decreeing that the motion for sanctions was moot.

Priola filed a Motion for Devolutive Appeal, seeking a review by this court of the January 9, 2009 and July 30, 2009 judgments of the trial court.

_____

[1]Louisiana Code of Civil Procedure Article 561(A)(1) provides:

> An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
>
> (a) Which has been opened;
>
> (b) In which an administrator or executor has been appointed;  or
>
> (c) In which a testament has been probated.

[2]Louisiana Code of Civil Procedure Article 561(A)(4) provides:

> A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal.  If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

## ASSIGNMENT OF ERROR

On appeal, Priola presents the following assignment of error:

The trial court committed reversible error by concluding Appellant's Motion to Set Aside Dismissal pursuant to Louisiana Code of Civil Procedure Article 561(A)(4) was untimely, in light of the fact that Appellee failed to obtain effective service of the order of dismissal for abandonment upon Appellant sufficient to trigger the thirty-day delay for filing such a motion.

## LAW AND DISCUSSION

At the outset, we acknowledge that Priola's Motion for Devolutive Appeal seeks an appeal of both the January 9, 2009 judgment of the trial court as well as the judgment of July 30, 2009. Although Priola asserts in its brief to this court that the January 9, 2009 order of dismissal "with prejudice" by the trial court "is contrary to law and was beyond the authority of the trial court[,]" it fails to identify same as an assignment of error on appeal. Given the failure of Priola to assign an error relative to the January 9, 2009 judgment, which dismissed the action "with prejudice[,]" this ruling of the trial court is not properly before this court.[3]

Additionally, Priola's efforts to appeal the January 9, 2009 judgment are untimely. "An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal." La.Code Civ.P. art. 561(A)(5). The record clearly indicates that personal service of the order of dismissal was made on January 28, 2009. Priola's Motion for Devolutive Appeal was not filed

---

[3]Uniform Rules—Courts of Appeal, Rule 1–3 provides as follows:

The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.

3

until July 29, 2009, which is obviously more than sixty days from the date of service of the order of dismissal.

Priola does not dispute that personal service was made on its duly designated attorney of record, Mr. Paul McMahon. Priola argues that personal service on its attorney of record, Mr. McMahon, was not "effective service" and that it was denied due process of law as a result thereby. It contends that counsel for Rider, Mr. Thomas Gayle, had "full knowledge" that Priola had retained new counsel, Mr. Thomas LeBlanc, at the time Mr. Gayle requested and obtained the dismissal against Priola. Attorney Gayle admits that there had been communication by and between himself and Attorney LeBlanc and that he knew Attorney LeBlanc was now representing Priola in other litigation at the time he sought and obtained the dismissal for his client, Rider.

"The burden is upon the party attacking service to establish otherwise by 'clear and convincing' evidence." *Franklin v. Franklin*, 470 So.2d 634, 637-38 (La.App. 1 Cir. 1985) (quoting *Samrow v. Samrow*, 428 So.2d 547 (La.App. 4 Cir.1983)). There is no evidence in the record that demonstrates that Attorney Gayle knew the status of the relationship between Attorney McMahon and Priola, that Attorney McMahon was not properly representing his client, Priola, that Attorney Gayle knew or should have known that Attorney McMahon had severed his relationship with Priola and no longer represented them, or that Attorney McMahon was not an active member of the bar or was not in good standing. Attorney McMahon was personally and legally served at his law office. Certainly, there was no proof by clear and convincing evidence that the personal service of the dismissal on Attorney McMahon constituted ineffective or improper service. In fact, Attorney Gayle effectuated

4

personal service on Priola's duly designated counsel of record, Attorney McMahon in accordance with law. Had Attorney Gayle served Attorney LeBlanc, as counsel for Priola, that would have constituted improper service on Priola since Attorney LeBlanc was not counsel of record for Priola in this litigation.

Counsel for Priola relies heavily on *Rawley v. Rawley*, 357 So.2d 286 (La.App. 1 Cir.), *writ denied*, 357 So.2d 1154 (La.1978), *cert. denied*, 439 U.S. 968, 99 S.Ct. 459 (1978); however, *Rawley* is clearly distinguishable from the instant case. In *Rawley*, the first circuit found that in order to meet due process requirements, "notice to counsel of record must be effected under circumstances from which it can at least be reasonably presumed that notice resulting from such service will be communicated to the litigant." *Id*. at 289. In the case at bar, there is nothing in the record negating a reasonable presumption that notice of the order of dismissal in this litigation would be communicated to Priola by its attorney of record, Mr. McMahon. In *Rawley*, service of process was made on the attorney of record after, and even though, opposing counsel knew that said attorney had withdrawn from the case and had received a copy of the withdrawal letter. There is nothing in the record of the instant case indicating or establishing that counsel for Rider knew or should have known that service of the order of dismissal would not or could not be communicated to Priola by its counsel of record, Mr. McMahon. Hence, *Rawley* is clearly distinguishable.

The legal issues before this court on appeal are whether there was legal and effective service of process of the order of dismissal and whether the motion to set aside the judgment of dismissal was timely. Both of these issues have been fully addressed. Any implied ethical or malpractice claims are not issues before this court. In light of our findings that service of the order of dismissal was effectively made on January 28, 2009, we find that Priola's efforts to appeal the January 9, 2009 judgment

5

are untimely.

As phrased by Priola, "[t]he issue on this appeal is whether effective service of the dismissal order was made on Appellant, such that Appellant's motion to set aside that dismissal was untimely." While the effectiveness of the service of the order of dismissal was also the crux of this issue, it was the ruling of the trial court that the motion was *untimely*. Because of the untimeliness of the motion, this court is without jurisdiction to consider the appeal; thus, we must dismiss the appeal. *See Slaughter v. Edison Chouest Offshore, Inc.*, 02-583 (La.App. 1 Cir. 2/14/03), 845 So.2d 425.

In *Slaughter*, the trial court granted a motion to dismiss on the grounds of abandonment in favor of the defendant. The order of dismissal was signed by the trial court on August 31, 2001. On October 8, 2001, the plaintiff filed a motion to set aside the order of dismissal, urging that the matter had not been abandoned since it had provided certain discovery responses. In opposing the motion to set aside the order of dismissal, the defendant contended that the motion was without merit and that the motion was untimely. Following a hearing, "the trial court determined that the motion to dismiss was untimely because more than 30 days had lapsed between the service of the order of dismissal and the filing of the motion to dismiss." *Id.* at 427. Thus, the trial court denied the motion to set aside the order of dismissal and signed a judgment consistent therewith on January 30, 2002, which the plaintiff appealed. Considering the very issue that is presently before this court, the court in *Slaughter*, 845 So.2d at 428 (footnote omitted), opined as follows:

> In the absence of a timely motion to set aside the order of dismissal, the trial court did not have the authority to decide the merits of the motion. [*Morrison v. Dillard Dep't Stores, Inc.*, 99-2060, (La.App. 1 Cir. 9/22/00), 769 So.2d 742, *writ denied*, 00-3379 (La. 2/2/01), 784 So.2d 646]. Because the [defendant's] motion was untimely, any amendment of the order of dismissal would have been an absolute nullity. *See Starnes v. Asplundh Tree Expert Co.*, 1994-1647

6

(La.App. 1st Cir. 10/6/95), 670 So.2d 1242, 1246. Likewise, there was no authority for the trial court's January 30, 2002 judgment denying the [defendant's] motion, and there is no valid basis for an appeal of that judgment. *Morrison v. Dillard Department Stores, Inc.*, 1999-2060 at p. 3, 769 So.2d at 744. A motion for appeal from an invalid judgment is considered untimely, and this court lacks jurisdiction to hear an untimely appeal. *Avants v. Kennedy*, 2002-0830, p. 9 (La.App. 1st Cir. 12/20/02), 837 So.2d 647. Because this court lacks jurisdiction to review the January 30, 2002 judgment, we dismiss this appeal. La. C.C.P. art. 2162.[4]

In the case at bar, an order of dismissal was entered on January 9, 2009, and the concomitant judgment was personally served on Priola's attorney of record on January 28, 2009, as required by La.Code Civ.P. art. 561(A)(3)[5] and in accordance with La.Code Civ.P. art. 1314(A)(2)(a).[6] Priola's Motion to Set Aside Dismissal for

---

[4]Louisiana Code of Civil Procedure Article 2162 provides, as follows:

An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned.

If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe. If an appeal is transferred to the supreme court in error, the supreme court may transfer or retransfer it to the proper court.

[5]Louisiana Code of Civil Procedure Article 561(A)(3) provides:

This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

[6]Louisiana Code of Civil Procedure Article 1314 provides, in pertinent part:

A. A pleading which is required to be served, but which may not be served under Article 1313, shall be served by the sheriff by either of the following:

. . . .

(2)(a) Personal service on the counsel of record of the adverse party or delivery of a copy of the pleading to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.

Abandonment and for Sanctions was not filed until May 12, 2009. Therefore, it was not filed within thirty days of the date of service of the order of dismissal as required by La.Code Civ.P. art. 561(A)(4). Consequently, as in *Slaughter*, the trial court did not have the authority to render the July 30, 2009 judgment denying Priola's motion to set aside the dismissal, and there is no valid basis for Priola to appeal that judgment. Priola's Motion for Devolutive Appeal from the invalid judgment is untimely, and this court does not have jurisdiction to consider an untimely appeal. Given our lack of jurisdiction, we dismiss the appeal in accordance with La.Code Civ.P. art. 2162.

## DECREE

For the foregoing reasons, the present appeal is dismissed. Costs of this appeal are assessed to Priola Construction Corporation.

**APPEAL DISMISSED.**

JAMES RIDER AND RIDER-LEJEUNE INVESTMENTS

VERSUS

PRIOLA CONSTRUCTION CORPORATION

**COOKS, J. concurring.**

I concur in the present case for the reasons stated by Judge Chatelain and additionally because the dismissal by Rider of its own proceeding with prejudice cannot form the basis of *res judicata* or judicial estoppel barring Priola from advancing its claims. *Bishop Homes, Inc. V. Devall*, 336 So.2d 313 (La.App. 1 Cir.), *writ denied*, 338 So.2d 1155 (1976)*, citing City of New Orleans v. Westwego Canal & Terminal Co.*, 206 La. 450, 19 So.2d 201 (1944). Further, the issues were not joined in this action – defendant did not file any responsive pleadings. The order of dismissal has no consequence in any subsequent proceedings by Priola. Thus, it is unnecessary to reach the constitutional due process question in this case.

**JAMES RIDER AND RIDER-LEJEUNE INVESTMENTS**

**VERSUS**

**PRIOLA CONSTRUCTION CORPORATION**

**CHATELAIN, Judge, concurring.**

I concur in the present case only to express my view on the necessity of assignments of error in cases before the appellate court that do not involve designated portions of the record. Even though there was no assignment of error in the present case involving this issue, there can be no question that this court has the right to address the propriety of the January 9, 2009 order of dismissal "with prejudice" by the trial court.

Louisiana Code of Civil Procedure Article 2129 and its Official Revision Comment read as follows:

Art. 2129. Assignment of errors unnecessary; exception

An assignment of errors is not necessary in any appeal. Where the appellant designates only portions of the record as the record on appeal, he must serve with his designation a concise statement of the points on which he intends to rely, and the appeal shall be limited to those points.

Official Revision Comment—1960

The jurisprudence has construed Arts. 896 and 897, Code of Practice of 1870, to the effect that where the transcript is certified as containing all the testimony and the grounds for reversal are apparent from the face of the record, no assignment of errors is necessary. Bossier v. Caradine, 18 La.Ann. 261 (1866); In re Fazende, 35 La.Ann. 1145 (1883); Havana American Co. v. Board of Assessors, 105 La. 471, 29 So. 938 (1901).

. . . .

Source:  Fed.Rule 75(d); cf. C.P. Arts. 896, 897.

As Judge Culpepper noted in his dissent in *Mayo v. Nissan Motor Corp. in U.S.A.,* 93-852, p. 3 (La.App. 3 Cir. 6/22/94), 639 So.2d 773, 792:

> Code of Practice of 1970, Article 896 provided that if the copy of the record from the trial court was not certified by the clerk of the lower court as containing all of the testimony adduced, the supreme court would only judge the case on a statement of facts.  Article 897 provided that an appellant who did not rely wholly or in part on a statement of facts, an exception to the judge's opinion, or a special verdict, but on an error of law appearing on the face of the record, would be allowed a period of ten days after the record was brought up to file a statement specifically alleging any errors.  The Official Revision Comment under La.Code Civ.P. art. 2129 indicates the jurisprudence under the old Code of Practice Articles construed them to mean that where the transcript is certified as containing all of the testimony and the grounds for reversal are apparent from the face of the record, no assignment of errors was necessary.

As I review this history, it is apparent that La.Code Civ.P. art. 2129 simply codified this jurisprudence.

Moreover, La.Code Civ.P. art. 2164 and the Official Revision Comments thereunder state:

> Art. 2164.  Scope of appeal and action to be taken; costs
>
> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.  The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
>
> Official Revision Comments—1960
>
> (a) The purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below.  This article insures that the "theory of a case" doctrine, which has served to introduce the worst features of the common law writ system into Louisiana is not applicable to appeals under this Code.

. . . .

Source: Former R.S. 13:4444; cf. C.P. Arts. 894-897, 902, 905-907.

Under La.Code Civ.P. arts. 2129 and 2164 quoted above, it is clear this court has the right to consider the January 9, 2009 order of dismissal "with prejudice" by the trial court at issue in the present case even though there was no assignment of error in that regard. The entire record in the present case was transcribed. Thus, the appellate court can consider any issue of fact or law presented by that record and, moreover, can render any judgment which is just, legal, and proper upon the record on appeal.

The writing judge in the present case applies the Uniform Rules of Louisiana— Courts of Appeal, Rule 1-3 that reads as follows:

> The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.

In my view, any conflict between the Uniform Rules and the Code of Civil Procedure would have to be resolved in favor of application of the code.

Although I would reach the January 9, 2009 judgment of dismissal with prejudice issue in the present case, I find it of no moment. I agree that the jurisprudence has uniformly held that dismissals for abandonment under La.Code Civ.P. art. 561 are without prejudice. *See., e.g., Richey v. Fetty*, 96-2762 (La.App. 1 Cir. 4/8/98), 715 So.2d 1, *writ denied*, 98-2184 (La. 11/13/98), 731 So.2d 257; *St. Tammany Parish Sewerage Dist. No. 7 v. Monjure*, 95-937 (La.App. 1 Cir. 12/15/95), 665 So.2d 801; *Reed v. Peoples State Bank of Many*, 36,531 (La.App. 2 Cir. 3/5/03), 839 So.2d 955; *Morgan v. Hopkins*, 36,506 (La.App. 2 Cir. 10/23/02), 830 So.2d 459,

-3-

*writ denied*, 02-2866 (La. 1/31/03), 836 So.2d 71; *Total Sulfide Servs., Inc. v. Secorp Indus., Inc.*, 96-589 (La.App. 3 Cir. 12/11/96), 685 So.2d 514.  However, under the peculiar facts of the present case, where Priola made an appearance but never filed responsive pleadings and Rider dismissed its own suit, Rider obtained a judgment it would have received if it had sought to voluntarily dismiss its suit under La.Code Civ.P. art. 1671.