GENOVESE, Judge.
| j Defendant, Priola Construction Corporation (“Priola”), appeals the trial court’s grant of an order of dismissal for want of prosecution in favor of Plaintiff, James Rider and Rider-LeJeune Investments (collectively “Rider”), and the denial of its motion to set aside that judgment of dismissal. For the following reasons, we must dismiss the appeal.
FACTS
Rider, as owner, and Priola, as general contractor, entered into a contract for the construction of two nursing homes in Lake Charles, Louisiana. When a dispute arose between the parties, Priola filed a demand for arbitration with the American Arbitration Association (AAA), asserting claims against Rider. Subsequently, Rider filed a Petition for Declaratory Judgment and Other Relief in the Fourteenth Judicial District Court on January 19, 2001, naming Priola and the AAA as defendants.
On February 7, 2001, Priola filed a Motion to Stay the declaratory judgment action to allow the parties to proceed with arbitration. The trial court heard Priola’s Motion to Stay on March 6, 2001, and took the matter under advisement. The trial court issued a written opinion on April 11, 2001, and signed a Judgment on April 25, 2001, denying the Motion to Stay.
No answer having been filed by the AAA, Rider obtained a preliminary default against the AAA on March 1, 2001. On March 8, 2001, Rider sought confirmation of the default judgment. Following the hearing, the trial court took the matter under advisement and addressed the confirmation of the default judgment, along with the Motion to Stay, in its April 11, 2001 written opinion, which granted judgment in favor of Rider and against the AAA.
On July 3, 2002, Priola submitted a Motion to Set for Trial on the Merits. The |2trial court signed an Order on September 10, 2002, which, in lieu of providing a date for trial, stated that the matter was to “be fixed for trial when responsive pleadings are filed.”
*391 After over six years of inactivity in the ease, Rider filed a Motion to Dismiss for Want of Prosecution on January 9, 2009, in accordance with La.Code Civ.P. art. 561(A)(1).[1] On that same date, after consideration of the motion, the trial court “ordered that this action be dismissed, with prejudice, for want of prosecution.”
On May 12, 2009, pursuant to La.Code Civ.P. art. 561(A)(4),[2] Priola filed a Motion to Set Aside Dismissal for Abandonment and for Sanctions which was heard by the trial court on July 24, 2009. On July 30, 2009, the trial court signed an order denying Priola’s motion to set aside the judgment and decreeing that the motion for sanctions was moot.
Priola filed a Motion for Devolutive Appeal, seeking a review by this court of the January 9, 2009 and July 30, 2009 judgments of the trial court.
| .¿ASSIGNMENT OF ERROR
On appeal, Priola presents the following assignment of error:
The trial court committed reversible error by concluding Appellant’s Motion to Set Aside Dismissal pursuant to Louisiana Code of Civil Procedure Article 561(A)(4) was untimely, in light of the fact that Appellee failed to obtain effective service of the order of dismissal for abandonment upon Appellant sufficient to trigger the thirty-day delay for filing such a motion.

LAW AND DISCUSSION

At the outset, we acknowledge that Prio-la’s Motion for Devolutive Appeal seeks an appeal of both the January 9, 2009 judgment of the trial court as well as the judgment of July 30, 2009. Although Prio-la asserts in its brief to this court that the January 9, 2009 order of dismissal “with prejudice” by the trial court “is contrary to law and was beyond the authority of the trial court[,]” it fails to identify same as an assignment of error on appeal. Given the failure of Priola to assign an error relative to the January 9, 2009 judgment, which dismissed the action “with prejudice[,]” this ruling of the trial court is not properly before this court.[3]
Additionally, Priola’s efforts to appeal the January 9, 2009 judgment are untimely. “An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriffs service of the order of dismissal.” La.Code Civ.P. art. *392 561(A)(5). The record clearly indicates that personal service of the order of dismissal was made on January 28, 2009. Priola’s Motion for Devolutive Appeal was not filed |4until July 29, 2009, which is obviously more than sixty days from the date of service of the order of dismissal.
Priola does not dispute that personal service was made on its duly designated attorney of record, Mr. Paul McMahon. Priola argues that personal service on its attorney of record, Mr. McMahon, was not “effective service” and that it was denied due process of law as a result thereby. It contends that counsel for Rider, Mr. Thomas Gayle, had “full knowledge” that Priola had retained new counsel, Mr. Thomas LeBlanc, at the time Mr. Gayle requested and obtained the dismissal against Priola. Attorney Gayle admits that there had been communication by and between himself and Attorney LeBlanc and that he knew Attorney LeBlanc was now representing Priola in other litigation at the time he sought and obtained the dismissal for his client, Rider.
“The burden is upon the party attacking service to establish otherwise by ‘clear and convincing’ evidence.” Franklin v. Franklin, 470 So.2d 634, 637-38 (La.App. 1 Cir.1985) (quoting Samrow v. Samrow, 428 So.2d 547 (La.App. 4 Cir.1983)). There is no evidence in the record that demonstrates that Attorney Gayle knew the status of the relationship between Attorney McMahon and Priola, that Attorney McMahon was not properly representing his client, Priola, that Attorney Gayle knew or should have known that Attorney McMahon had severed his relationship with Priola and no longer represented them, or that Attorney McMahon was not an active member of the bar or was not in good standing. Attorney McMahon was personally and legally served at his law office. Certainly, there was no proof by clear and convincing evidence that the personal service of the dismissal on Attorney McMahon constituted ineffective or improper service. In fact, Attorney Gayle effectuated ^personal service on Priola’s duly designated counsel of record, Attorney McMahon in accordance with law. Had Attorney Gayle served Attorney Le-Blanc, as counsel for Priola, that would have constituted improper service on Prio-la since Attorney LeBlanc was not counsel of record for Priola in this litigation.
Counsel for Priola relies heavily on Rawley v. Rawley, 357 So.2d 286 (La.App. 1 Cir.), writ denied, 357 So.2d 1154 (La.1978), cert. denied, 439 U.S. 968, 99 S.Ct. 459, 58 L.Ed.2d 427 (1978); however, Raw-ley is clearly distinguishable from the instant case. In Rawley, the first circuit found that in order to meet due process requirements, “notice to counsel of record must be effected under circumstances from which it can at least be reasonably presumed that notice resulting from such service will be communicated to the litigant.” Id. at 289. In the case at bar, there is nothing in the record negating a reasonable presumption that notice of the order of dismissal in this litigation would be communicated to Priola by its attorney of record, Mr. McMahon. In Rawley, service of process was made on the attorney of record after, and even though, opposing counsel knew that said attorney had withdrawn from the case and had received a copy of the withdrawal letter. There is nothing in the record of the instant case indicating or establishing that counsel for Rider knew or should have known that service of the order of dismissal would not or could not be communicated to Priola by its counsel of record, Mr. McMahon. Hence, Rawley is clearly distinguishable.
The legal issues before this court on appeal are whether there was legal and effective service of process of the order of *393 dismissal and whether the motion to set aside the judgment of dismissal was timely. Both of these issues have been fully addressed. Any implied ethical or malpractice claims are not issues before this court. In light of our findings that service of the order of dismissal was effectively made on January 28, 2009, we find that Priola’s efforts to appeal the January 9, 2009 judgment | ,¡are untimely.
As phrased by Priola, “[t]he issue on this appeal is whether effective service of the dismissal order was made on Appellant, such that Appellant’s motion to set aside that dismissal was untimely.” While the effectiveness of the service of the order of dismissal was also the crux of this issue, it was the ruling of the trial court that the motion was untimely. Because of the untimeliness of the motion, this court is without jurisdiction to consider the appeal; thus, we must dismiss the appeal. See Slaughter v. Edison Chouest Offshore, Inc., 02-583 (La.App. 1 Cir. 2/14/03), 845 So.2d 425.
In Slaughter, the trial court granted a motion to dismiss on the grounds of abandonment in favor of the defendant. The order of dismissal was signed by the trial court on August 31, 2001. On October 8, 2001, the plaintiff filed a motion to set aside the order of dismissal, urging that the matter had not been abandoned since it had provided certain discovery responses. In opposing the motion to set aside the order of dismissal, the defendant contended that the motion was without merit and that the motion was untimely. Following a hearing, “the trial court determined that the motion to dismiss was untimely because more than 30 days had lapsed between the service of the order of dismissal and the filing of the motion to dismiss.” Id. at 427. Thus, the trial court denied the motion to set aside the order of dismissal and signed a judgment consistent therewith on January 30, 2002, which the plaintiff appealed. Considering the very issue that is presently before this court, the court in Slaughter, 845 So.2d at 428 (footnote omitted), opined as follows:
In the absence of a timely motion to set aside the order of dismissal, the trial court did not have the authority to decide the merits of the motion. [Morrison v. Dillard Dep’t Stores, Inc., 99-2060, (La.App. 1 Cir. 9/22/00), 769 So.2d 742, writ denied, 00-3379 (La.2/2/01), 784 So.2d 646]. Because the [defendant’s] motion was untimely, any amendment of the order of dismissal would have been an absolute nullity. See Starnes v. Asplundh Tree Expert Co., 1994-1647 (La.App. 1st Cir.10/6/95), 670 So.2d 1242, 1246. Likewise, there was no authority for the trial court’s January 30, 2002 judgment denying the [defendant’s] motion, and there is no valid basis for an appeal of that judgment. Morrison v. Dillard Department Stores, Inc., 1999-2060 at p. 3, 769 So.2d at 744. A motion for appeal from an invalid judgment is considered untimely, and this court lacks jurisdiction to hear an untimely appeal. Avants v. Kennedy, 2002-0830, p. 9 (La.App. 1st Cir.12/20/02), 837 So.2d 647. Because this court lacks jurisdiction to review the January 30, 2002 judgment, we dismiss this appeal. La. C.C.P. art. 2162.[4]
*394 In the case at bar, an order of dismissal was entered on January 9, 2009, and the concomitant judgment was personally served on Priola’s attorney of record on January 28, 2009, as required by La.Code Civ.P. art. 561(A)(3)[5] and in accordance with La.Code Civ.P. art. 1314(A)(2)(a).[6] Priola’s Motion to Set Aside Dismissal for ^Abandonment and for Sanctions was not filed until May 12, 2009. Therefore, it was not filed within thirty days of the date of service of the order of dismissal as required by La.Code Civ.P. art. 561(A)(4). Consequently, as in Slaughter, the trial court did not have the authority to render the July 30, 2009 judgment denying Prio-la’s motion to set aside the dismissal, and there is no valid basis for Priola to appeal that judgment. Priola’s Motion for Devol-utive Appeal from the invalid judgment is untimely, and this court does not have jurisdiction to consider an untimely appeal. Given our lack of jurisdiction, we dismiss the appeal in accordance with La.Code Civ.P. art. 2162.

DECREE

For the foregoing reasons, the present appeal is dismissed. Costs of this appeal are assessed to Priola Construction Corporation.
APPEAL DISMISSED.
CHATELAIN, J., concurs and assigns written reasons.
COOKS, J., concurs and assigns written reasons.

. Louisiana Code of Civil Procedure Article 561(A)(1) provides:
An action, except as provided in Subpara-graph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened;
(b) In which an administrator or executor has been appointed; or
(c) In which a testament has been probated.

. Louisiana Code of Civil Procedure Article 561(A)(4) provides:
A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff’s service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

.Uniform Rules — Courts of Appeal, Rule 1-3 provides as follows:
The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.

. Louisiana Code of Civil Procedure Article 2162 provides, as follows:
An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned.
If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may *394 prescribe. If an appeal is transferred to the supreme court in error, the supreme court may transfer or retransfer it to the proper court.

. Louisiana Code of Civil Procedure Article 561(A)(3) provides:
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

. Louisiana Code of Civil Procedure Article 1314 provides, in pertinent part:
A. A pleading which is required to be served, but which may not be served under Article 1313, shall be served by the sheriff by either of the following:
(2)(a) Personal service on the counsel of record of the adverse party or delivery of a copy of the pleading to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.