Company [Power] v. Christina & Bros., 7 La.App. 651; Id., 8 La.App. 174.

For the reasons assigned, the motion to dismiss the appeal is sustained at appellant's costs.

175 So. 441

**BLUNSON v. BROCATO et al.**

**No. 34327.**

May 24, 1937.

Rehearing Denied June 21, 1937.

J. F. Phillips, of Shreveport, for appellant.

Garland & Johnston and Mabry & Carstarphen, all of Shreveport, amici curiæ.

W. B. Massey, of Shreveport, and John G. Gibbs, of Natchitoches, for respondent.

ROGERS, Justice.

In the year 1931, Rosa K. Blunson brought suit against Abe Knighton to be recognized as the owner of an undivided one-half interest in lot No. 59 of the Weinstock subdivision of the city of Shreveport. Answering the suit, defendant denied that plaintiff had any interest in the property, and defendant asked that plaintiff's demand be rejected. On the death of Knighton, his

sole heir, Mary B. Hatcher, was substituted as the party defendant. On December 2, 1931, judgment was rendered in the district court in favor of plaintiff, Rosa K. Blunson, and against the defendant, Mary Hatcher, recognizing plaintiff and defendant each as the owner of an undivided one-half interest in the property and ordering a partition thereof by licitation, the sale to be made by the sheriff of Caddo parish. On May 16, 1932, this judgment was affirmed by the Court of Appeal for the Second Circuit (172 So. 180). Under the authority of the judgment, plaintiff secured a commission on August 2, 1932, directing the sheriff to sell the property, but after advertising the property, the sheriff returned the commission unexecuted to the clerk of court, on January 25, 1933, because by mutual consent of the parties the sale was called off.

On June 20, 1934, the attorney for Mary B. Hatcher, who had acquired her interest in the property, without authority from or notice to Rosa K. Blunson, secured a commission to sell the property under the original judgment of partition, and the property was adjudicated by the sheriff to John Brocato, one of the defendants in this suit. It was only after the deed was executed, when she was notified that the sheriff held her share of the proceeds, that Rosa K. Blunson learned of the sale to effect the partition. She refused to accept any portion of the proceeds and promptly brought this suit to annul the sale. The district court gave her judgment and the Court of Appeal affirmed the judgment. Certiorari has brought the case here.

The Court of Appeal maintained plaintiff's contention that the judgment ordering the partition was her exclusive property and could be enforced only at her instance, and that the attorney of Mary B. Hatcher, who had acquired his client's interest, was without authority to order the sale of the property. That his remedy was to institute another partition suit, praying that the judge of the district court again order the property sold to effect a partition.

Defendant contends that the rule embodied in article 641 of the Code of Practice and the authorities (23 C.J., p. 310 and State ex rel. Southern Bank v. Pilsbury, 35 La.Ann. 408) cited by the Court of Appeal, that the person in whose favor a judgment is rendered has exclusive control of its execution applies only to a monied judgment and not to a judgment ordering the sale of property to effect a partition between the co-owners of property. That as set forth in article 628 of the Code of Practice, orders of execution are different according to the nature of the judgment to be executed. Defendant argues in support of his contention that a judgment of partition affects equally the co-owners of property and orders its sale and the distribution of the proceeds for their mutual benefit. Defendant also argues that if the law be as contended by plaintiff and announced by the Court of Appeal, the plaintiff obtaining a judgment of partition could hold indefinitely out of commerce the defendant's interest in the property, or could postpone its sale until such time as would suit the convenience or advantage of the plaintiff to order the sale.

We do not think that a judgment of partition vests in the plaintiff who has obtained it such a right to control its exe-

cution as deprives the defendant co-owner of the right to have the judgment executed, in the event plaintiff fails or declines to do so. If such were the case, as pointed out by the defendant, it would permit the plaintiff obtaining the judgment to hold up the sale of the property to suit his convenience or advantage. Nor do we think the defendant should be relegated to another suit to obtain another judgment ordering the property sold to effect the partition. This would result in a multiplicity of suits and judgments to attain the same end, which is not favored by law. A rule nisi would afford the defendant an adequate remedy.

We are of opinion that the primary right to have a judgment of partition executed vests in the person who has obtained the judgment, and that he cannot be deprived of that right without notice or hearing. Therefore, the commission to sell issued at the instance of the vendee of Mary B. Hatcher on the judgment of partition obtained by Rosa K. Blunson should not have issued without notice to her in the nature of a rule to show cause, and giving her an opportunity to be heard. Her rights in that respect could not and were not in anywise affected by the constructive notice reflected in the newspaper advertisements.

Our conclusion is that the judgment of the Court of Appeal affirming the judgment of the district court annulling the sale to the defendant John Brocáto of the property described in plaintiff's petition, ordering its erasure from the records of Caddo parish and recognizing the plaintiff Rosa K. Blunson as the owner of an undivided one-half interest in the property and sending her into possession thereof is correct.

For the reasons assigned, the judgment of the Court of Appeal is affirmed at relator's cost.