377 So.2d 567 (1979)
Geraldine Richard GAUTHREAUX, Plaintiff-Appellee,
v.
Norman Leo GAUTHREAUX et al., Defendant-Appellee.
Appeal of Lark PARKER, Defendant.
No. 7223.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
*568 Collings & Collings, Robert L. Collings, Lake Charles, for defendant-appellant.
Baggett, McCall, Singleton & Ranier, Richard P. Ieyoub, J. Michael Veron of Scofield, Bergstedt & Gerard, Lake Charles, for defendants-appellees.
Before DOMENGEAUX, FORET and SWIFT, JJ.
DOMENGEAUX, Judge.
This appeal is taken by Lark Parker, the purchaser of property at a Court ordered partition sale, from a judgment declaring the sale null.
Two issues confront us:
(1) Must a party against whom a valid judgment of partition by licitation is rendered be served with a notice of seizure under Article 2293 of the Louisiana Code of Civil Procedure prior to the sale of the property to be partitioned at public auction under Article 4607 of the Louisiana Code of Civil Procedure?
(2) Did the co-owner, husband-defendant, receive proper notice in these proceedings?
The facts are not in dispute. On June 30, 1976, Mrs. Gauthreaux filed a petition to partition the property belonging to the community of acquets and gains that formerly existed between herself and Mr. Gauthreaux, from whom she was legally separated. The property consisted of a mobile scout trailer and a parcel of land about an acre in size, located in Calcasieu Parish. Mr. Gauthreaux was personally served with the partition petition on July 19, 1976. He failed to file an answer, or other responsive pleadings, and a preliminary default judgment was entered against him on August 23, 1976. Mrs. Gauthreaux had previously filed a supplemental petition on August 11, 1977, which was not served on Mr. Gauthreaux because he could not be located.
The default judgment was confirmed on December 7, 1977. The trial court found that Mrs. Gauthreaux's evidence was sufficient to show that a partition in kind was not feasible, and therefore ordered the Sheriff of Calcasieu Parish to sell the trailer and lot at public auction "after the advertisements required by law" to effect its partition by licitation.
*569 On February 23, 1978, the Sheriff was issued his commission to sell the property by the Calcasieu Parish Clerk of Court. After due public advertisement the sale was conducted on April 12, 1978, and the trailer and lot were sold to Lark Parker. The Sheriff's deed was duly recorded in the conveyance records in Calcasieu Parish on April 21, 1978.
After further proceedings not important to our determination of this issue, Mr. Gauthreaux filed in the partition proceedings an action of nullity on September 29, 1978, attacking the validity of both the judgment ordering the sale and the sale itself, on the grounds that he was not served with a notice of seizure and sale by the Calcasieu Parish Sheriff. Lark Parker, purchaser of the property sold at the public auction, was made a defendant. At the trial on the merits of Mr. Gauthreaux's action of nullity the trial court found the judgment ordering the sale to be valid. No appeal has been taken from that part of the judgment. However, the trial court further found that the sale of the property was a nullity because the Sheriff had not complied with the provisions of La.C.C.P. Arts. 2331 and 2293. From this part of the judgment Lark Parker timely perfected this appeal. There are no other appeals nor answers to the appeal, although briefs have been filed on behalf of Mr. Gauthreaux, the Sheriff of Calcasieu Parish, and of course on behalf of Mr. Parker.
The heart of the issue is whether Articles 2331 and 2293 of the Code of Civil Procedure are applicable to this case. For the reasons below we find that they are not, and hold that the sale of the property to Lark Parker is valid.
La.C.C.P. Art. 4607 governs judicial partition by licitation. It reads:
"When a partition is to be made by licitation, the sale shall be conducted at public auction and after the advertisements required for judicial sales under execution. At any time prior to the sale, the parties may agree upon a nonjudicial partition."
Official Revision Comment (d) under 4607 states that the requirements for judicial sales under execution are set forth in Article 2331. By using this reference to Article 2331 and language from Wetherbee v. Lodwick Lumber Company, 194 La. 352, 193 So. 671 (1940), the trial court concluded that all judicial sales, including partition sales, must be conducted in the same manner: after due seizure, possession, and notice of seizure to the judgment debtor, in this case the defendant-co-owner, Mr. Gauthreaux.
The Supreme Court in Wetherbee restated a long-established jurisprudential rule that the validity of sales made in the execution of money judgments after they become executory is not affected by a subsequent reversal of the judgment on devolutive appeal. The Wetherbee court extended that rule to include the execution of partition by licitation judgments. The Court concluded that this jurisprudential rule which applied to one type of judicial sale also applied to the other. However, Wetherbee did not say that other rules applicable to the execution of money judgments are applicable as well to the execution of partition by licitation judgments. We think that even if such was the holding in Wetherbee, it was overruled legislatively in 1960 by the enactment of the Code of Civil Procedure. The Code of Civil Procedure recognizes the distinction between the types of judicial sales described in the Louisiana Civil Code and prescribes different procedural rules for each of them.
Civil Code Article 2616 describes two kinds of judicial sales: (1) those which take place where property of a debtor has been seized by order of a court, to be sold for the purpose of paying the creditor; and (2) those which are ordered in matters of succession or partition.
Articles 2331 and 2293 of the Code of Civil Procedure are located in Title 2 of Book 4 under "Execution of Money Judgments." These articles speak only of judicial sales under writs of fieri facias:
"Art. 2331. Publication of notice of sale
Notice of the sale of property under a writ of fieri facias shall be published at *570 least once for movable property, and at least twice for immovable property, in the manner provided by law. The court may order additional publications.
The sheriff shall not order the advertisement of the sale of the property seized until three days, exclusive of holidays, have elapsed after service on the judgment debtor of the notice of seizure, as provided in Article 2293."
"Art. 2293. Notice to judgment debtor
After the seizure of property, the sheriff shall serve promptly upon the judgment debtor a written notice of the seizure and a list of the property seized, in the manner provided for service of citation."
Article 4607, quoted earlier, is located in Title 9 of Book 7 under "Partition Between Co-owners." This article addresses itself solely to partitions, and makes applicable to partition sales only the rule with respect to advertisements required for judicial sales under execution. No party argues that the Sheriff failed to duly advertise the sale "in the manner provided by law." See La.R.S. 43:201-210. No rules from Articles 2331 and 2293 relating to seizure or a notice of seizure were made applicable to partition sales under the clear language of Article 4607. Counsel provides no authority, and we find none, which requires that a seizure or a notice of seizure must precede a judicial partition sale. Had the Legislature intended to make all of the provisions of Articles 2331 and 2293 applicable to partition sales, it could easily have done so by making express provisions therefor.
In the absence of a specific statute, we feel the better rule is to not subject the co-owners in a partition proceeding to the rules of seizure and notice of seizure that are found in the articles governing the execution of money judgments. We are aware of the many cases which hold that a Sheriff's sale made under execution without a previous seizure of the property is a nullity. Turner v. Glass, 197 La. 721, 2 So.2d 191 (1941), and cases cited therein. However, each of those cases dealt with the execution of a money judgment, and should have no application here.
The same principles which dictate that a seizure and notice of seizure must take place before a judgment debtor's property is sold simply do not apply in a partition proceeding. To enforce a money judgment, a creditor has property of the debtor seized by the Sheriff to secure control of the property against the frequently uncooperative judgment debtor, to prevent the debtor from otherwise disposing of the property, and to acquire a privilege on the property which affords the seizing creditor priority in payment of the proceeds of the sale. At this point a notice of seizure is required to give the judgment debtor a final opportunity to voluntarily pay the debt if he can, to prevent seizure of property that may be exempt from seizure, or to otherwise complain of the irregularities of the seizure proceeding. Also, a notice of seizure is required because the money judgment obtained by the creditor gives no notice to the debtor that any property of his will be sold at public auction.
In a judicial partition sale, no debtor-creditor relationship is involved. The sale is not prompted by a money judgment obtained by one of the parties. Instead, each party owns an undivided interest in certain property and the plaintiff simply seeks to convert his interest into a sum of money by having the property sold and obtaining that portion of the sale price that his interest bears to the property sold. Thus, one need not have the opportunity to voluntarily pay the debt because no debt is involved. Further, no property owned in indivision is exempt from a judgment ordering a partition. A co-owner has a basic right to demand a partition because no one can be compelled to hold property with another. La.C.C. Art. 1289. If the property cannot be partitioned in kind, the judge shall order the property sold in order to effect a partition by licitation. La.C.C. Art. 1339.
Mrs. Gauthreaux exercised her right to demand a partition by filing a petition asking for a judicial partition by licitation. Mr. Gauthreaux was personally served with a copy of this petition. We find that this *571 notice of the partition by licitation proceeding was the only notice to which Mr. Gauthreaux was entitled. The notice advised him that if he did not come forth to offer evidence that he was the sole owner, or that the property was co-owned but was divisible in kind, then the property would be sold at public auction and the proceeds would be divided between the co-owners. By taking no action, Mr. Gauthreaux acquiesced in the eventual default judgment taken against him which ordered the property sold. He will not now be heard to claim that he did not receive notice that the property would be sold.
The fact that Mr. Gauthreaux was not served with the supplemental petition filed on August 11, 1977, does not affect our decision. This supplemental petition added Paragraph 5 to the original petition and simply asked for the appointment of of a notary. This addition was made to complete the original petition which had prayed for the same relief, but which had failed to include the request in the body of the petition. Thus, the supplemental petition added nothing to the proceedings and asked for no relief that Mr. Gauthreaux had not already been given notice of by his receipt of a copy of the original petition. The trial judge so held, and we think correctly so.
Counsel for Mr. Gauthreaux cites Blunson v. Brocato, 187 La. 637, 175 So. 441 (1937), in support of his claim that his client did not receive adequate notice. In Blunson, the person who acquired the interest of the co-owner, against whom the judgment of partition by licitation was rendered, had the property sold pursuant to the judgment, but without first notifying the co-owner who had obtained the judgment. In affirming the trial and appellate courts' judgments that the sale was null, the Supreme Court held that the primary right to have a judgment of partition executed vests in the person who has obtained the judgment, and that he cannot be deprived of that right without a notice or a hearing. Blunson is not squarely on point, and is clearly distinguishable. Blunson would require only that, in the event Mrs. Gauthreaux failed to have the property sold pursuant to the judgment, Mr. Gauthreaux would have the right to sell it without having to obtain a new judgment, but only after notice was given to Mrs. Gauthreaux. It simply does not follow from the Blunson holding that the co-owner with the primary right to execute the judgment, in this case Mrs. Gauthreaux, must give notice to the other co-owner before the property may be sold at public auction as ordered in the judgment.
Finally, Mr. Gauthreaux suggests in the alternative that if we declare that the proceedings were conducted in accordance with Louisiana law, and the sale is ruled valid, then those proceedings were unconstitutional because they deprived Mr. Gauthreaux of constitutional due process notice. The only pleading at the trial court level that remotely suggests that a constitutional issue is presented is found in paragraph 4 of the "Act of Nullity" wherein it is alleged that "... Norman Leo Gauthreaux was not served with process as required by law notifying him of the seizure and sale of said property." We do not think that this pleading satisfies the long-established requirement that a constitutional challenge must be affirmatively pleaded at the trial level before the issue can be raised on appeal. Johnson v. Welsh, 334 So.2d 395 (La. 1976); Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971); Easterly v. Carr, 361 So.2d 279 (La.App. 1st Cir. 1978). Furthermore, Mr. Gauthreaux did not appeal nor did he answer the appeal. Hence, we do not consider the constitutional issue.
For the above and foregoing reasons the judgment of the District Court declaring the judicial sale to be null and void is reversed and it is hereby ordered that the said sale be and the same is hereby declared valid. Costs at trial and on appeal are assessed against defendant-appellee, Norman Leo Gauthreaux, including all legal expenses incurred by the Sheriff of Calcasieu Parish subsequent to the District Court judgment. La.C.C.P. Article 2164, La.R.S. 13:4533, La.R.S. 33:1428(17).
REVERSED.