WATKINS, Judge.
This matter comes before us on an appeal from a decree ordering the execution of a judgment for partition by licitation. One of the owners in indivisión, Sam Wilson, appealed. We reverse and remand.
On July 13, 1962, Arie Perry Williams filed suit for partition of 100 acres of land in Tangipahoa Parish, alleging she was the owner of an undivided Vio interest. An attorney was appointed to represent absent and unknown co-owners. Judgment was rendered on August 3, 1970, ordering that the partition be had by licitation. The record reveals that no further action took place in the proceeding after the rendition of the judgment of partition until January 29, 1982. On that date Arthur R. Hayden and Claudette S. Hayden, vendees of Arthur C. Hayden (one of the original defendants against whom the partition judgment was obtained), filed an ex parte motion to execute the partition judgment and to have the property sold at public auction by the Sheriff of Tangipahoa Parish. Also on this date, pursuant to the motion, the trial court ordered that the property be sold in accordance with law and appointed an attorney to represent absent and unknown defendants, and the same attorney was appointed as the notary public to effect the partition of the proceeds of the sale. The attorney appointed to represent absent and unknown co-owners attempted to give notice by causing an advertisement to be run in The News-Digest, Amite, Louisiana, on February 25, 1982.
An opposition to the execution of the partition judgment was filed on March 5, 1982, stating that no notice was given of the motion to execute the partition judgment, and that only the original plaintiff, Arie Perry Williams, could enforce the partition judgment and she had since died. Upon the filing of this opposition, a show cause order was issued by the trial court on March 15, 1982, which stayed the proceedings to sell the property. On March 31, 1982, the sole heirs of Arie Perry Williams filed a motion to dismiss the opposition, stating that as heirs of Arie Perry Williams they made no opposition to the execution of the partition judgment. In brief in support of the opposition, which had supposedly been filed by the “defendants”, but which was later narrowed to include only Sam Wilson et al, those opposing the execution of the partition judgment contended the judgment of partition had prescribed. The trial court rendered judgment on July 15, 1982, dismissing the opposition, and ordering that the property be sold. We set aside the order that the property be sold contained in the judgment of July 15,1982, and remand the case for further proceedings.
With respect to appellant’s first contention that the original partition judgment of August 3, 1970, had prescribed before Arthur R. Hayden and Claudette S. Hayden had moved for its execution on January 29, 1982, we see that only a money judgment is subject to the prescription of ten years. See LSA-C.C. art. 3547; Succession of Moody, 306 So.2d 869 (La.App. 1st Cir.1974), writ refused 310 So.2d 639 (La. 1975). As Moody states, a money judgment is such a judgment as would cause a judicial mortgage to attach, or as would entitle the party obtaining it to obtain a writ of fieri facias. A judgment of partition is obviously not such a judgment, and is not subject to ten years’ liberative prescription.
However, we hold that the judgment of July 15, 1982, ordering the execution of the partition judgment must be set aside, because sufficient notice was not given. A defendant in a partition judgment may obtain an order directing execution of the partition judgment, but to obtain such an order, he must proceed against the original plaintiff by rule to show cause, in order that the constitutional requirements of notice be met. Blunson v. Brocato, 187 La. 637, 175 So. 441 (1937); Rawley v. Rawley, 357 So.2d 286 (La.App. 1st Cir.1978), writ refused 357 So.2d 1154 (La.1978). In the present case, the Haydens have proceeded by ex parte motion and order, not rule to show cause. It is true that the heirs of the original plaintiff, Arie Perry Jackson Williams, have in effect waived their rights to object to failure to employ rule to show *1270 cause, having stated that they have no objection to the partition by licitation. However, Blunson and Rawley permit a defendant co-owner to enforce a partition judgment against the plaintiff co-owner because all co-owners are equally affected by the judgment, both plaintiffs and defendants. Thus, unlike the usual judgment, in a partition judgment there is no true judgment creditor and no true judgment debtor. All are affected alike. Therefore, just as notice must be given by a defendant seeking the enforcement of a partition judgment as to the plaintiff by rule to show cause, so must a defendant seeking to enforce a partition judgment proceed against all co-defendants by rule to show cause. Particularly is this the case where there are numerous co-defendants, and the original judgment of partition is quite old, as is the case here.
Accordingly, we set aside the judgment rendered in favor of Arthur R. Hayden and Claudette S. Hayden on July 15, 1982, ordering execution of the original partition judgment of August 3, 1970, and remand the matter to permit movers to proceed by rule to show cause with notice to all known parties not absentees, and notice to all absent and unknown co-owners through service upon an attorney ad hoc appointed to represent them.
VACATED AND REMANDED.