DOMENGEAUX, Judge.
This is a case arising out of the administration of the succession of Johnnie J. O’Con, who died on February 1, 1983. Pursuant to the succession proceedings, a motion was filed by the administrator requesting a declaratory judgment declaring Irma O’Con Sanches to be an illegitimate child of the decedent, and therefore not entitled to share in the succession.
On June 27, 1983, a hearing was held and counsel for the Succession and Mrs. Sanch-es stipulated as follows:
1. That Irma O’Con Sanches was in fact the illegitimate child of Johnnie J. O’Con;
2. That there was no evidence of any formal acknowledgment by the decedent and no evidence of any birth certificate;
3. That in order for Mrs. Sanches to share in the estate of Mr. O’Con she would be required to comply with the requisites of La.C.C. Art. 209;
4. That Mrs. Sanches had not filed a proceeding to prove filiation, and was therefore unable to comply with the provisions of La.C.C. Art. 209 relative to the time within which filiation proceedings must be instituted.
Judgment was rendered by the district judge who found that Irma O’Con Sanches was an illegitimate child of Johnnie J. O’Con and was not entitled to share in the proceeds of his succession.
The sole issue appellant raises on appeal is the constitutionality of La.C.C. Art. 209.[1] *197 She alleges in her brief that La.C.C. Art. 209 which requires that proceedings for filiation “be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs” is an unconstitutional violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution, and Article I, Section 3 of the 1974 Louisiana Constitution.
A careful and thorough review of the record of this case reveals that during the course of the proceedings in the trial court the appellant failed to raise the issue of the constitutionality of Article 209 in any of the pleadings. There is a long established requirement that a constitutional challenge must be affirmatively pleaded and the grounds particularized at the trial court level before the issue can be raised on appeal. Johnson v. Welsh, 334 So.2d 395 (La.1976); and Gauthreaux v. Gauthreaux, 377 So.2d 567 (La.App. 3rd Cir.1979). Hence, we are prohibited from considering this sole constitutional issue.
For the above and foregoing reasons the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.

. "Art. 209. Proof of filiation
A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under *197 Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation.
D. The right to bring this proceeding is heritable.”