MADELEINE M. LANDRIEU, Judge.
I,Soudure Technik Al 13, Inc., appeals the February 2, 2015 trial court judgment dismissing with prejudice its October 31, 2011 original petition of intervention and its September 8, 2014 first suppleméntal and amending petition of intervention. The dismissed petitions of intervention were filed after the dismissal of the main demand in this casé. For reasons that follow, we affirm.
The following procedural history is relevant to the issues in this appeal.[1] On September 15, 2010, plaintiff, High Tech Steel, LLC, filed the original petition in this litigation against defendants, United States Environmental Services, LLC, Oil Piranha, LLC, and unidentified members and/or shareholders of Oil Piranha, LLC. This petition alleged the breach of a contract High Tech Steel entered into with Oil Piranha to build fourteen oil skimming vessels to be constructed at High Tech Steel’s, facility in Amelia, Louisiana.. Service of process was made on United States Environmental Services and Oil Piranha, but the petition stated “hold service” as to the members and/or shareholders of Oil Piranha. The members |2and/or shareholders of Oil Piranha were never identified by High Tech Steel or served with the original petition.
Subsequent to the, filing of various pleadings, High .Tech Steel settled its claims with United States Environmental Services and Oil Piranha. On June 10, 2011, the trial court, considering a joint motion filed by High Tech Steel and United- States Environmental Services,, dismissed High Tech Steel’s claims against United States Environmental Services with prejudice. High Tech .Steel also filed a motion to dismiss with prejudice all claims asserted against Oil Piranha, and High Tech Steels. claims against Oil Piranha were dismissed with prejudice by the trial court on June 14,2011.
■ • On October 31, 2011, Soudure Technik Al 13, Inc: filed a petition of intervention in this case, and- named as defendants Oil Piranha, LLC, Jon Overing and Overing Yacht Designs, LLC. The intervention arises out of a dispute over sums allegedly owed to Soudure Technik pursuant to a contract it had with defendants-in-intervention to manufacture and supply components and equipment to be incorporated into the oil skimming vessels. The trial court granted Soudure Technik leave of court to file the intervention on October 3Í, 2011.[2] On September 8, 2014, Soudure *674 Technik filed a first supplemental and amending petition of intervention naming additional defendants, who- were described as the previously unidentified-[1] members and/or shareholders of Oil Piranha, LLQ. Those - ^additional defendants- included Tom Espy, David J. Venus, IV, Lane-Mur-ry, Stanley Donald, Greg Brand and Nicholas E. Harvillé.
On October 27, 2014, defendants-in-intervention, Oil Piranha and the additional defendants named in Soudure Technik’s first supplemental and amending petition of intervention, filed a motion to dismiss Soudure Technik’s October 31, 2011 original petition of intervention and its September 8, 2014 first supplemental and amending petition of intervention. Citing La. C.C.P. art. 1039, the motion asked that both petitions be dismissed because they were filed subsequent to the dismissal with prejudice of the main demand.' Soudure Technik was ordered tó show cause why the motion to dismiss the petitions of intervention should not be granted. Following a hearing on the defendants-in-intervention’s motion to dismiss, the trial[1] court rendered judgment on February 2, 2015, dismissing with prejudice the October 31, 2011 original petition of. intervention and the September 8, 2014 first supplemental and amending petition of intervention. Soudure Technik now appeals.
On appeal, Soudure Technik presents two assignments of error: 1) the trial court erred in dismissing its original and first supplemental and amending petitions of ’ intervention;. and 2) the trial court erred in dismissing the petitions of intervention with prejudice. The issues in this case involve questions of law, which are reviewed de novo. First Nat. Bank, USA v. DDS Const, LLC, 2011-1418, p. 10 (La.1/24/12), 91 So.3d 944, 952.
|4Soudure Technik argues that because its intervention was specifically ordered by the trial court in 2011 and unopposed by Oil Piranha (until the filing of its motion to dismiss), the petitions of intervention should not have been dismissed. Soudure Technik states that the trial judge who allowed the intervention to be filed did so because he recognized that Soudure Technik asserted potentially legitimate claims to funds remaining in the trial court’s registry. It further asserts that because Oil Piranha did not object at the time the intervention, was filed, and answered the petition of intervention without asserting any objections, defenses or exceptions to the court’s order .permitting the intervention, it waived any objection it may have had to the intervention. Sou-dure Technik also notes that Oil Piranha defended against interventions filed by'it and others (who ,are not parties to this appeal), for two years without objection. Soudure Technik argues that to require.it to file its claims anew against Oil Piranha and its shareholders after Oil Piranha voluntarily engaged in this litigation without objection for years would greatly prejudice Soudure Technik and unjustly reward Oil Piranha.
• Defendants-in-intervention argue that the trial court correctly dismissed the interventions pursuant to- La. C.C.P. art. 1039. They assert that once a main demand is dismissed, there is: no matter pending in which a party may intervene.
An intervention is a type of .incidental demand. La. C.C.P. art. 1031 B. La. C.C.P. art. 1039 states:
*675 If an incidental ■ demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental faction, which must be tried and decided independently of the principal action.
In the section of the Code of Civil Procedure governing interventions, Article 1091 states:
A third person having,an interest therein may intervene in a pending action to enforce a right related, to or connected with the object of the pending action against one or more of the parties thereto by:
(1), Joining with' plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.
(Emphasis added.)
The principal action in this case was dismissed several months prior to the filing of Soudure Technik’s original ‘ petition of intervention. An intervention must be filed prior to the motion to dismiss the main demand in order to be unaffected by the dismissal of the main demand. Williams v. Scheinuk, 358 So.2d 340, 341 (La.App. 4 Cir.1978). “An intervention can only be filed while the suit between the original parties is pending.” Branch v. Young, 2013-0686, p. 10 (La.App. 5 Cir. 2/26/14), 136 So.3d 343, 351, citing La. C.C.P. art. 1091. Soudure Technik cites no authority, and we have found none, for its argument that Oil Piranha waived any objection it may have had to the intervention by answering the petition of intervention and/or not objecting sooner.
Because the intervention in this case was not filed prior to the motions to dismiss the main demand, the- intervention cannot be maintained as an independent action. Sée La. C.C.P. art. 1039. Accordingly, we find the trial court did not err in dismissing the original and fust supple-fnental and amending petitions of ^intervention.[3] See Lions Gate Films, Inc. v. Jonesfilm, 2012-1452, p. 7 (La.App. 4 Cir. 3/27/13), 113 So.3d 366, 370.
In its second assignment of error, Sou-dure Technik argues that the trial court erred in dismissing its intervention petitions with prejudice. In support of this argument Soudure Technik cites the case of Wright v. Mark C. Smith and Sons Partnership, 264 So.2d 304 (La.App. 1 Cir. 1972), which cited Gorman v. Gorman, 158 La. 274, 103 So. 766 (La.1925), for the proposition that the dismissal of an incidental demand pursuant to dismissal of the main demand on the merits must be with *676 out prejudice because the party bringing the incidental demand has the right to assert an independent cause of action. There is no indication in the Wright opinion that the intervention in that case was filed after the dismissal of the main demand, as is the case herein. In fact, the statement in Wright that the trial court erred “in not dismissing the intervention of CNB upon rejection of Respondent’s main demands on the merits,” Wright, supra at 312, indicates that the intervention in that case was filed while the main demand was still pending. Thus, the Wright case is distinguishable from the instant case where the petition of intervention was not filed until after the main demand was dismissed. Because the main demand in this case was no longer pending when the original petition for intervention was filed, and the claims in the main demand were dismissed with prejudice, the trial court |7did not err in dismissing the original arid first supplemental and amending petitions of intervention with prejudice.
For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED

. The facts of this case are not germane to this appeal.

. The Honorable Michael G. Bagneris was the trial judge who allowed the filing of Soudure Technik's intervention on October 31, 2011. Judge Bagneris resigned from the bench on December 11, 2012, 'and the Honorable Regina H, Woods replaced Judge Bagneris as the judge for Division B, Section 12, of the Civil *674 District Court for the Parish of Orleans. The judgment appealed from-in this matter was rendered by Judge Woods.

. Soudure Technik argues that the transcript of the hearing on the motion to dismiss indicates that the trial court dismissed the peti- , tions of intervention on her own peremptory exception of no cause of action. When asked by counsel for Soudure Technik at the conclusion of the hearing if the intervention was being dismissed on the trial court’s own exception of no cause of action, the trial court responded, "I’m. granting it based on what was filed with the court and also under the Code of Civil Procedure.'”’ The written judgment does -not reference an exception of’no cause of action, but instead states "[t]his matter came for hearing on January 23, 2015 on Defendants in Intervention’s Motion to Dismiss." A trial court’s oral or written reasons form no part of the judgment. Carmena v. East Baton Rouge Sheriffs Office, 2006-2680, p. 1 (La.2/2/07), 947 So.2d 715, 716. Where there is a conflict between the judgment and the reasons for judgment, the judgment controls. Theresa Seafood, Inc. v. Berthelot, 2009-0814, p. 7 (La.App. 4 Cir. 3/10/10), 40 So.3d 132, 137, citing Arbourgh v. Sweet Basil Bistro, Inc., 98-2218, p. 14 (La.App. 4 Cir. 5/19/99), 740 So.2d 186, 192.