| SUNSET HARBOUR, L.L.C. | * | NO. 2023-CA-0156 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| THE SUCCESSION OF MARY | * | |
| ROSS BUSH, ET AL. | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-02270, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Karen K. Herman)

Christopher Gobert
ATTORNEY AT LAW
1814 Camp Street
New Orleans, LA 70130

COUNSEL FOR APPELLANT/INTERVENOR

Nathaniel M. Phillips
TAX TITLE
3927 Iberville Street
New Orleans, LA 70019

COUNSEL FOR APPELLEE/PLAINTIFF

**AFFIRMED**
**SEPTEMBER 26, 2023**

KKH
DLD
PAB

Appellant-Intervenor, Sterling Bush ("Bush"), appeals the trial court's October 5, 2022 judgment, which granted the motion to dismiss filed by Appellee-Plaintiff, Sunset Harbour, LLC ("Sunset") and dismissed his petition for intervention. For the following reasons, the trial court's judgment is affirmed.

**FACTUAL AND PROCEDURAL HISTORY**

Bush's mother, Mary Ross Bush, was the owner of property located at 6433 Brunswick Court in New Orleans, La. 70131 (the "Property"). Mary Ross Bush had acquired one-half interest via cash sale in 1971 and the remaining half was donated to her by her and her husband's heirs in 2000.[1] Mary Ross Bush died on March 20, 2009. The Succession of Mary Ross Bush was opened in 2011 and remains under administration.

After real estate taxes assessed against the Property went unpaid, Nebraska Alliance Realty Company acquired 1% of the Property via a tax sale conducted by the City in April 2015. In January 2021, Sunset acquired tax sale title to 1% of the

---

[1] The record shows that in 1988 after Mary Ross Bush's husband and Bush's father, Anthony Albert Bush, Sr. died, the Bush children conveyed their interests in the Property to Mary Ross Bush. The act of donation was registered on January 20, 2000.

Property from NAR Solutions, Inc. f/k/a Nebraska Alliance Realty Company, via a transfer of a tax sale interest.

On March 12, 2021, Sunset filed a petition to confirm and quiet tax title and partition. The petition named several defendants that may have an interest in the Property, including the Succession of Mary Ross Bush; Kiera Lacour ("Lacour")[2]; the Succession of Patrick Breeden;[3] Matrix Financial Services ("Matrix");[4] and Arizona Pacific, L.P.

A sheriff's return indicates that Bush was personally served with the petition as an occupant of the Property on March 19, 2021. The Succession of Mary Ross Bush was served through its independent administratrix, Marlene Babin, on April 16, 2021.[5]

After requesting an extension of time to file responsive pleadings on April 14, 2021, Matrix filed an answer and affirmative defenses on April 28, 2021.

---

[2] The petition alleged that Lacour may have an interest in the property by virtue of a quit claim deed recorded December 13, 2002. *See also* n. 3

[3] Patrick Breeden was the attorney of Mary Ross Bush in *Mortgage Electric Registration Services* litigation.

[4] The record provides that in 2004, Matrix filed suit against Lacour to foreclose on 6433 Brunswick Court in Civil District Court in Orleans Parish, entitled *Mortgage Electric Registration Services, as Nominee for Matrix Financial Services Corporation v. Kiera LaCour*, bearing docket number 2004-177. According to the pleadings filed by Sunset, the property at issue was fraudulently conveyed from Mary Ross Bush to Lacour and [a]fter due proceeedings" the sale was "unwound." Matrix then maintained an action for unjust enrichment against Mary Ross Bush for the amount of a mortgage paid off in the fraudulent transaction. During the pendency of this action, Mary Ross Bush died. In January of 2010 Matrix filed a motion to summons Mary Ross Bush's successors to open her succession. Bush was personally served with this motion. Matrix then filed a rule to compel, Bush and Janice Bush Augustus, the two successors, to substitute themselves as the legal successors to the Mary Ross Bush. According to the pleadings filed by Matrix, Bush refused but did provide the names of seven additional heirs. Sunset claims that Matrix then appointed a curator to find and provide notice to the known and unknown heirs of Mary Ross Bush. It further alleges that on September 26, 2011, Matrix filed a petition to appoint a public administrator. At some point, the *Mortgage Electric Registration Services* suit was consolidated with the *Succession of Mary Ross Bush*, bearing docket number, 2011-10274.

[5] Marlene Babin was appointed administrator of the Succession of Mary Ross Bush on November 8, 2011.

Lacour, through a court appointed curator, filed an answer on April 29, 2021.[6] Marlene Babin, on behalf of the Succession of Mary Ross Bush, filed an answer to Sunset's petition on April 30, 2021.

On June 9, 2021, the trial court granted a consent judgment between Sunset, the Succession of Mary Ross Bush, and Matrix, which among other things: quieted the tax title, confirmed Sunset as the owner of 1% of the Property; terminated the interests of the Succession of Mary Ross Bush and Matrix in the Property; enjoined the Succession of Mary Ross Bush and Matrix from obtaining or setting up any right, title, or interest in the Property; and ordered a partition by licitation. The judgment also provided that there is "no appeal from this judgment." The Rule 9.5 certificate indicates that Bush was mailed notice of the proposed consent judgment and did not object.

On November 9, 2021, Sunset filed a motion for summary judgment in favor of its petition to quiet title and partition. On March 4, 2022, summary judgment was rendered against Lacour. The judgment confirmed and quieted Sunset's tax sale title and recognized Sunset as the owner of an undivided 1% interest in the Property. It further enjoined Lacour from setting up any right, title, or interest in the Property. The judgment also ordered that the Property would be advertised and sold at public auction. The 9.5 certificate of the judgment on the motion for summary judgment provided that Bush did not object to the proposed judgment. Also, notice of signing of judgment was mailed to Bush at 6433 Brunswick Court on March 4, 2022.

---

[6] The answer actually states that the answer was filed on behalf the Succession of Mary Ross Bush. However, on March 31, 2021, the trial court appointed Yves Gelin to serve as curator ad hoc to accept service on behalf of Lacour and an administrator had already been appointed for the Succession.

On May 10, 2022, Sunset dismissed the remaining defendants, the Succession of Patrick Breeden and Arizona Pacific, L.P.

On August 31, 2022, Bush filed a petition to intervene, a preliminary injunction, and temporary restraining order.[7] In the petition, he alleged that he is owner of an undivided 1/9th interest in the Property. Bush also alleged that on June 1, 2021, he personally paid the City $12,059.49 for taxes, penalties, and interest assessed against the Property. He also claims that he was not advised of the pending proceedings and upcoming sale of the Property until June 2, 2021.

The same date, the trial court issued a temporary restraining order.

On September 6, 2022, Sunset filed an answer; affirmative defenses; a motion to dismiss; a peremptory exception of no cause of action; a motion to dissolve the temporary restraining order; and a request for sanctions. Sunset also filed an opposition to the preliminary injunction.

Bush filed an opposition to Sunset's motions and exception on September 7, 2022.

The matters came for hearing before the trial court on September 20, 2022. After hearing argument of counsel, the trial court denied Bush's request for preliminary injunction; granted Sunset's motion to dismiss; and dismissed Bush's petition for intervention without prejudice.[8] Judgment to this effect was signed on October 5, 2022.[9]

---

[7] The record provides that on April 22, 2021, Bush filed a motion for extension of time to file responsive pleadings. The same date, the trial court granted the motion and gave Bush until June 22, 2021 to file an answer. However, Bush did not file any pleadings until the petition for intervention.

[8] The trial court explained:

> You're filing for an intervention, but an intervention is only appropriate when the suit is pending and before judgment on the main demand. This Court, on March

4

This appeal followed.

## APPLICABLE LAW AND DISCUSSION

La. C.C.P. art 1033 sets for the delay for filing incidental actions, such as an intervention, and provides, in part:

> An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
>
> *An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action*, or if permitted by Articles 1066 or 1092. [10]

(emphasis added).

La. C.C.P. art. 1091 addresses interventions and provides:

> A *third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action* against one or more of the parties thereto by:
>
> (1) Joining with plaintiff in demanding the same or similar relief against the defendant;
>
> (2) Uniting with defendant in resisting the plaintiff's demand; or
>
> (3) Opposing both plaintiff and defendant.

---

the 4th of this year, ruled on a summary judgment, confirming and quieting the tax sale title -- or the tax title, ordering partition by licitation, and reimbursement of costs and attorney's fees. Mr. Bush had 60 days from that deadline to file a motion for new trial or to file an appeal, neither of which was done. So the Court's decision in March is final and is no longer pending, so you can't file an intervention when the case is no longer pending and there's been a judgment on the main demand, which is the situation here. And the preliminary injunction is therefore moot because, if you can't intervene, you can't have the injunction either. So the Court is going to have to deny the petition to intervene and the request for the preliminary injunction.

[9] The trial court also found the exception of no cause of action and motion to dissolve TRO moot.

[10] La. C.C.P. art. 1066 states that "[a]n action which either matured or was acquired by the defendant in the principal action after answer may be presented, with the permission of the court, as a reconventional demand by supplemental pleading." La. C.C.P. art. 1092 is discussed later herein.

(emphasis added).

La. C.C.P. art. 1092 discusses an intervention by a third person claiming interest in seized property and states, in relevant part:

> *A third person claiming ownership of, or a mortgage or privilege on, property seized may assert his claim by intervention.* If the third person asserts ownership of the seized property, *the intervention may be filed at any time prior to the judicial sale of the seized property*, and the court may grant him injunctive relief to prevent such sale before an adjudication of his claim of ownership.

(emphasis added).

A "two-pronged legal test must be met before the intervention is allowed." *Heaton v. Monogram Credit Card Bank of Georgia,* 2001-1415, p. 8 (La. App. 4 Cir. 4/10/02), 818 So.2d 240, 245. "First, the intervention must not delay the case. Second, the [intervenor] must have a right related or connected to the case that it seeks to enforce. Both parts of the test must be met for an intervention to be permitted." *Id.*

"A [trial] court has broad discretion in deciding whether to allow an intervention after the answer to the principal demand has been filed." *Roy Anderson Corp. v. 225 Baronne Complex, L.L.C.,* 2022-0784, p. 3 (La. App. 4 Cir. 4/11/23), 360 So.3d 144, 147 (quoting *Charia v. Allstate Ins. Co.*, 1993-1230 (La. App. 4 Cir. 3/29/1994), 635 So.2d 370, 372). An appellate court reviews a trial court's ruling on an intervention for abuse of discretion. *Id.* (citing *St. Bernard I, LLC v. Williams*, 2012-0372, p. 10 (La. App. 4 Cir. 3/13/13), 112 So.3d 922, 929); *see also Opelousas Gen. Hosp. Auth. v. Louisiana Health Serv. & Indem. Co.*, 2019-26, p. 55 (La. App. 3 Cir. 11/12/19), 284 So.3d 643, 647.

Bush argues that the trial court erred in dismissing his petition for intervention because in doing so the trial court misinterpreted La. C.C.P. art. 1091

as the sale of the Property has yet to be effected and thus the underlying suit was still pending at the time of intervention. Bush also claims that the trial court erred in failing to apply La. C.C. P. art. 1092 because the article allows him to intervene any time prior to the sale of the seized property.

Sunset does not refute Bush's statement that the partition sale had not yet occurred. Instead, Sunset claims that the case was no longer pending because the final judgments had been rendered on the principal demand and all the delays had elapsed. It also claims that Bush's reliance on La. C.C.P. art. 1092 is misplaced. Sunset's arguments have merit.

As noted above, under La. C.C.P. art. 1091, a third party may intervene in a pending action to enforce a right related to the object of the pending action. By the time Bush sought to intervene in the lawsuit on August 21, 2022, final judgments had already been rendered in the principal demand and thus no pending action remained. On June 9, 2021, the trial court executed a consent judgment between Sunset, the Succession of Mary Ross Bush, and Matrix. The consent judgment explicitly waived appeal delays. Additionally, on March 4, 2022, the trial court granted summary judgment against Lacour. The summary judgment also provided that the judgment was final and appealable. The notice of judgment was mailed on March 14, 2022. The delay for filing a motion for new trial was March 23, 2022, and the delay for filing an appeal expired on May 23, 2022.[11] Additionally, all the

---

[11] "Under La. C.C.P. art. 1974, the delay for applying for a new trial is seven days, exclusive of legal holidays, with the delay commencing to run on the day after the clerk has mailed the notice of judgment as required by La. C.C.P. art. 1913." *Brehm v. Amacker,* 2015-1531, pp. 8-9 (La. App. 1 Cir. 12/7/17), 236 So.3d 621, 627. "Once the seven-day period for filing a motion for new trial has passed, and no motion for new trial is filed or said motion is untimely filed, the judgment becomes final, and appellate delays begin to run." *Brehm*, 2015-1531, p. 9, 236 So.3d at 627 (citing *Nelson v. Teachers' Retirement System of Louisiana*, 2010-1190, pp. 4-5 (La. App. 1 Cir. 2/11/11), 57 So.3d 587, 589090. Moreover, an "appeal may be taken by obtaining an order

remaining defendants were dismissed from the suit on May 10, 2022. As such, when Bush filed his petition for intervention there was no pending action in which to intervene.

Moreover, this Court in *Brooks v. Collins*, 2022-0017, 10 (La. App. 4 Cir. 6/29/22), 344 So.3d 121, 127, found the trial court correctly denied leave to file an incidental demand after the principal demand had already been adjudicated. *Brooks* involved suit between co-owners of immovable property. The plaintiff sought to partition the property by licitation in 2016. A trial was held in 2019 and the trial court ordered the property be sold. In 2021, the defendant filed a reconventional demand for reimbursement of expenses and an accounting of sums. The trial court refused to grant the defendant leave to file her reconventional demand, dismissed the remand with prejudice, and granted the exceptions filed by the plaintiff.

On appeal, the defendant, among other things, argued that the trial court abused its discretion in refusing to grant her leave to file a reconventional demand. The *Brooks* Court found the trial court did not err in denying leave to file the reconventional demand. It reasoned:

> Despite the lengthy lapse of time in this matter, the fact that the appellant had adequate opportunity to present her reconventional demand at an earlier date, and the appellant's own actions in delaying resolution of this suit, the appellant argues that the reconventional demand will not retard the progress of this suit because no trial or sale is pending. However, this position does not acknowledge the logical impact of a completed trial. Implicit in the statutory language permitting incidental demands by right "up to and including the time the answer" is filed, and with the court's leave "if it will not retard the progress of the principal action," is the understanding that trial has not yet occurred in either scenario. La. C.C.P. art. 1033. Once a full trial has occurred, with all the attendant opportunities to raise incidental demands, a reconventional demand would necessarily retard the

for appeal within the delay set forth by La. C.C.P. arts. 2087 or 2123." *Id*. (citing La. C.C.P. art. 2121).

progress of the action because the "principal action" itself has already been adjudicated. *See ANR Pipeline Co. v. La. Tax Com'n*, 08-1148 to 08-1162, p. 13 (La. App. 1 Cir. 10/17/08), 997 So.2d 92, 100. Therefore, the trial court did not abuse its discretion in denying the appellant leave to file the reconventional demand.

*Brooks*, 2022-0017, pp. 9-10, 344 So.3d at 127.[12]

While in *Brooks* a trial on the merits had occurred, and in the present case the case was disposed of via a consent judgment and a motion for summary judgment, like in *Brooks*, when Bush moved to intervene in the suit, the principal demand had already been resolved. Additionally, Bush had notice of the petition to quiet title since March 19, 2021 but did not seek to intervene until August 31, 2022, after the case was no longer pending. Moreover, as noted in *Brooks*, allowing an incidental demand to be filed after all the claims of the main demand had been disposed of would "necessarily" delay the progress of the case. *See* La. C.C.P. art. 1033. Therefore, similar to *Brooks*, the trial court in the present case did not err in refusing to permit Bush to intervene in the lawsuit where no pending action remained under La. C.C.P. art. 1091. *See also High Tech Steel Prod., LLC v. United States Env't Servs., LLC*, 2015-0652, pp. 5-6 (La. App. 4 Cir. 4/7/16), 191 So.3d 672, 675 (the trial court did not err in dismissing petitions of intervention filed after the principal action was dismissed); *Van Lieu v. Winn-Dixie of Louisiana, Inc.*, 446 So.2d 1362, 1366 (La. App. 1st Cir. 1984) ("[a]n intervention may be filed only while suit is pending and before judgment on the main demand").

_____

[12] The *Brooks* Court, however, noted the trial court had lacked jurisdiction to reach the merits of plaintiff exceptions because the defendant was not given leave to file the reconventional demand and thus the exceptions were not in the purview of the trial court. Additionally, the Fourth Circuit found that the dismissal of the reconventional demand should have been without prejudice. *Brooks*, 2022-0017, p. 10, 344 So.3d at 127.

In his brief, however, Bush relies on *Block v. Cap. One, N.A.*, 54,660 (La. App. 2 Cir. 8/10/22), 345 So.3d 1178, to support his argument that La. C.C.P. art. 1091 is applicable. In *Block*, following the sheriff's sale of immovable property, Real Time Resolutions, Inc. ("RTR"), the junior mortgagee's assignee, filed an intervention claiming entitlement to the surplus proceeds. The trial court permitted the intervention. The plaintiffs and prior owners of the property appealed, claiming that the intervention was untimely. The *Block* Court stated, in part:

> La. C.C.P. art. 1091, which addresses intervention generally, provides that "a third person having an interest therein may intervene in a *pending* action to enforce a right related to or connected with the object of the *pending* action." [] However, La. C.C.P. art. 1092 specifically addresses intervention by a third person claiming ownership of, or a mortgage or privilege upon, property seized--and provides a potentially later deadline for intervention. The article states:

> If the third person claims a mortgage or privilege on the entire property seized, whether superior or inferior to that of the seizing creditor, *the intervention may be filed at any time prior to the distribution by the sheriff of the proceeds of the sale of the seized property*, and the court shall order the sheriff to hold such proceeds subject to its further orders. [] *Id.*

*Block*, 54,660, pp. 5-6, 345 So.3d at 1182 (emphasis in original). The Second Circuit found that because RTR's intervention was filed while the funds were still deposited in the registry of the court and was not yet distributed within the meaning of La. C.C.P. art. 1092, the intervention was timely.

Bush claims thus that as a person with an ownership interest in the seized Property and a privilege for paying delinquent taxes, he is entitled to intervene pursuant to La. C.C.P. art. 1092 because the sale had not occured. However, as noted by Sunset, the Property in the present case was subject to a partition by licitation and was not judicially "seized." *See Gauthreaux v. Gauthreaux*, 377 So.2d 567, 570 (La. App. 3rd Cir. 1979) (stating that the principles "which dictate

10

that a seizure and notice of seizure must take place before a judgment debtor's property is sold simply do not apply in a partition proceeding"). Further, the ownership Bush claims in the Property are due to his 1/9th interest in the succession as an intestate heir of Mary Ross Bush and Louisiana law indicates that the right to assert this claim would belong to the succession.

La. C.C. art. 938(A) provides that "[p]rior to the qualification of a succession representative, a successor may exercise rights of ownership with respect to his interests in a thing of the estate as well as his interest in the estate as a whole." "If a successor exercises his rights of ownership after the qualification of a succession representative, the effect of that exercise is subordinate to the administration of the estate." La. C.C.P. art 938(B). Additionally, La. C.C.P. art. 3211 states that the succession representative "shall enforce all obligations" in favor of the succession. Furthermore, pursuant La. C.C.P. arts. 685 and 734, "the succession representative appointed by the court" is the proper party to sue or be sued to enforce a right of the decedent over their succession while the succession is under administration. [13] The heirs or the legatees of the decedent "need not be joined as parties." *Id*.

---

[13] La. C.C.P. art. 685 addresses successions as party plaintiffs and provides:

> Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.

La. C.C.P. art. 734 addresses succession as party defendants and provides:

> Except as otherwise provided by law, including but not limited to Articles 2641 and 2674, the succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.

11

The record indicates that the Succession of Mary Ross Bush is open and under administration and thus the only party that could intervene in this lawsuit would be the succession representative, Marlene Babin. *See In re Marie Placide Praying for Monition,* 2022-0438, pp. 2, 5 (La. App. 4 Cir. 7/27/22), 345 So.3d 1039, 1041-1042 (the heir of the decedent did not have a right of action to file a petition to intervene and annul a tax sale where the succession was already open and the heir was not listed in the act of sale or tax sale certificate);[14] *In re Ewing,* 34,413, pp. 4-5 (La. App. 2 Cir. 3/2/01), 781 So.2d 885, 889-890 (the heir of decedent had no right of action to assert a reconventional claim when the succession was under administration and a representative had been appointed and that the succession representative was the proper plaintiff to enforce a right of the decedent or succession). Therefore, Bush is not the appropriate party to assert an interest in the Property.

Further, while Bush alleges that he has a privilege over the Property, he did not assert a privilege in his petition to intervene nor did he request sale proceeds or reimbursement for the purported privilege in his prayer for relief. Moreover, although there is a June 2021 receipt in the record for payment of taxes on the Property there is no evidence that Bush had registered his alleged privilege.[15]

---

[14] In reaching this conclusion, the Fourth Circuit relied, in part, on La. R.S. 47:2122(19) which states that a "[t]ax sale party" is the "tax notice party, the owner of property, including the owner of record at the time of a tax sale, as shown in the conveyance records of the appropriate parish, and any other person holding an interest, such as a mortgage, privilege, or other encumbrance on the property, including a tax sale purchaser, as shown in the mortgage and conveyance records of the appropriate parish." *In re Marie Placide Praying for Monition*, 2022-0438, p. 5, 345 So.3d at 1042.

[15] In Bush's brief, he cites to the record as proof of his privilege, however, the cited page is just the receipt of payment. In footnote Bush also claims he filed a "notice of lis pendens and statement of lien and privilege" on March 10, 2023. This notice is not contained in the record. Additionally, the alleged registered notice was filed months after the trial court heard and dismissed his intervention.

Accordingly, La. C.C.P. art. 1092 does not authorize Bush to intervene in these proceedings.

Lastly, Bush claims that the trial court's dismissal of the petition to intervene offends due process and should be reversed based on La. C.C.P. art. 2194, which states that an "appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."

Bush did not raise the constitutional argument before the trial court and is thus raised the first time on appeal. This Court, in *Chaumont v. City of New Orleans,* 2020-0017, p. 4 (La. App. 4 Cir. 6/3/20), 302 So.3d 39, 45-46, recently acknowledged that "appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the district court has not addressed" and that "litigants must raise constitutional attacks in the trial court, not the appellate courts, and that the constitutional challenge must be specifically pleaded and the grounds for the claim particularized." *Id.* (citing *Council of City of New Orleans v. Washington*, 2009-1067, pp. 3-4 (La. 5/29/09), 9 So.3d 854, 856-57).

Because Bush did not raise the due process argument at the trial court level he cannot raise it now on appeal. Additionally, Bush fails to explain or specify how the dismissal of his petition violates due process. Bush merely claims that he could have challenged the creditors' claim to the Property. As addressed above, however, Bush was served with the original petition and had notice of the consent judgment and the judgment granting summary judgment in favor of Sunset and thus had the notice and opportunity to object thereto. Accordingly, Bush's argument in this regard lacks merit.

In sum, because an intervention may only be filed in a pending lawsuit under La. C.C.P. art. 1091 and because final judgments had been rendered on the main demand and all the delays have run, the matter was no longer pending at the time of Bush's intervention. Additionally, La. C.C.P. art. 1092 does not permit Bush to intervene as Louisiana law indicates any claims to the proceeds of the Property belongs to a succession representative and the Property had not been seized. Therefore, the trial court did not abuse its broad discretion in dismissing Bush's petition to intervene.

**CONCLUSION**

For the above stated reasons, the trial court did not err in finding that Bush could not intervene in a suit that was no longer pending. Accordingly, the trial court's judgment granting Sunset's motion to dismiss and dismissing the petition for intervention is affirmed.

**AFFIRMED**